### CAMP & BALL vs. BENNETT.

The appearance of an *infant* by *attorney* instead of *guardian*, in the defence of a suit, may be assigned as *error in fact*.

And the *death* of such infant after assignment of errors and before argument, will not prevent a reversal of the judgment, where the writ of error was sued out by the infant and a co-defendant in the court below, and the co-defendant survives, the judgment being entire.

The judgment of this court in such case is either *revocatur* or *reversitur;* if the error occurred in this court, it is the former—if it occurred in a subordinate court, it is the latter.

Writ of error, when correctly called a writ *coram nobis,* and when *coram vobis.* In this state a writ of error, though directed to the same court in which the error occurred, cannot properly be called a writ *coram nobis.*

BENNETT sued Camp and Ball in a justice's court in *trespass de bonis asportatis,* the defendants appeared and pleaded, the cause was tried by a jury, and the defendants obtained a verdict. The plaintiff removed the case by *certiorari* into the Oneida common pleas, where the judgment rendered by the justice on the verdict was *reversed,* on the ground that the plaintiff on the trial in the justice's court had shown a clear and conclusive right to recover, although he had shown himself entitled to *nominal damages* only. In the common pleas the *defendants* appeared by *attorney,* and after reversal of the justice's judgment sued out a writ of error returnable in this court, and assigned for error the *infancy* of *Ball,* one of the defendants. To the *assignment*

*of errors* thus put in, the plaintiff below, ·the defendant in error in this court, *demurred*, and the defendants joined in demurrer. The writ of error was returnable in this court in May term, 1834, the assignment of errors was filed as of the same term, and the demurrer put in as of the succeeding term. By a suggestion upon the demurrer book it appeared that the defendant *Ball* died in October, 1835.

*C. P. Kirkland,* for the plaintiffs in error.

*T. Jenkins,* for defendant in error.

*By the Court.* The question presented by the demurrer is, whether it is ground of error for an *infant* defendant to appear by *attorney?* Upon that general question the course of decision and of practice has been uniform. It has always been held that an infant under the age of twenty-one is incapable of appointing an attorney; and the practice has always been to appoint for him a guardian or *prochien ami.* If he appear by attorney it is error. Our revised statutes declare that such appearance by an infant shall not be a ground of reversing any judgment upon verdict, confession, default, *nihil dicit,* or *non sum informatus,* "if the verdict or judgment be *for* him." 2 R. S. 424, § 7, sub. 7. If, however, the judgment be *against* the infant,· or even for him in any case not enumerated, then the revised statutes do not apply. Here the infant was a defendant before the justice, and the verdict and judgment in that court were in his favor. He therefore had no cause of complaint. The justice's judgment could not have been reversed upon that ground, and it was not; it was reversed because the verdict was against evidence. But had the plaintiff recovered before the justice, the infancy of the defendant Ball would have been sufficient reason for reversing the judgment on *certiorari.* When the plaintiff below brought his *certiorari* into the common pleas, it was his duty to see that ·the defendants appeared properly; and if the infant appeared by attorney, he should have moved to have that appearance

stricken out, and that the defendants appear by guardian, according to the course and practice of the court, or that the court appoint a guardian for him. The cases cited by the counsel abundantly show that the appearance of an infant defendant by *attorney* and not by *guardian,* is error in fact. The cases in our own court leave no room for argument upon the point. *Dewitt* v. *Peet,* 11 Johns. R. 460. *Arnold* v. *Sanford,* 14 id. 417. *Maynard* v. *Downer,* 13 Wendell, 576.

It is very true, as has been remarked by Mr. Dunlap, 2 Dunlap's Pr. 1125, that there is some confusion in the use of the terms, when a writ of error is spoken of as a writ *coram vobis* or *coram nobis.* The distinction is perhaps not very important in itself at present, as applied to our practice, only as it seems to have led to some inaccuracy of expression by some of the judges in our court. In England all writs of error issue from chancery, and except for error in fact, are returnable in another and a higher court than that in which the error occurred ; and it has been said that for error in fact in the common pleas, a writ of error lies to the king's bench, or it may be brought in the common pleas. Whenever a writ of error is brought in the king's bench, for an error of fact committed in the same court, it is directed to the justices of the king's bench, and it is recited that " because in the record and proceedings and also in the rendition of the judgment of a plea in our court *before us* (*coram nobis*) between, &c. as is said, a manifest error hath happened," &c. and then the writ commands the justices to inspect the record and proceedings which *before us  now remain,* and hence the expression *coram nobis resident,* and to do what of right ought to be done to correct that error; but when a writ of error is brought directed to the common pleas and returnable in the king's bench, the recital is that the allegation of error is in the record and proceedings *before you,* (*coram vobis,*) and then the certiorari clause is added, that you send the record and proceedings to the court of king's bench, that the error may be corrected. Therefore when the writ is *coram nobis,* to correct an error in the same court, the judgment is not reversed, but recall-

ed, *revocatur;* but if the error is in an inferior court, it is always *reversed.* The proceedings in the king's bench are supposed to be had *before the king in person,* and the records so represent it; here the record represents the fact as it really takes place, before the justices of the supreme court. There is therefore, in this state, no such thing as a writ of error *coram nobis.* The name is not appropriate, nor is it important. A writ of error lies here as in England, to the supreme court, to correct an error of fact in the same court, and then the judgment is *reversitur;* but the court can *recall* nothing except its own acts. In this state this court is the only one which can do so; the judgment of *revocatur* being applicable only to cases in this court for error in fact committed and reviewed and corrected in this court. The case of *Dewitt* v. *Post,* 11 Johns. R. 460, was one of this description; the judgment was recalled for an error committed in this court, to wit, because the defendant being an infant, had appeared by attorney. The judge calls the writ of error a writ of error *coram vobis;* had it been in the king's bench, it would have been *coram nobis:* but the name is not now important, it is the principle, which was that the judgment of the same court, which was erroneous in fact should be recalled and not reversed. In *Arnold* v. *Sandford,* 14 Johns. R. 417, the same judgment was rendered where the judgment of the mayor's court of the city of New York was reviewed upon an assignment of error in fact; and it will be seen that the judgment of *revocatur* was directed solely upon the authority of *Dewitt* v. *Post,* which was a case of error in fact in the same court, and not, like the case then before the court, a case of error in fact in an inferior court. So too in *Maynard* v. *Downer,* 13 Wendell, 576, the same precedent was followed, and judgment of *revocatur* was directed at May term, 1835; but that judgment was itself recalled at the subsequent July term, and judgment of *reversal* entered. A motion was made at a subsequent special term to vacate the judgment of reversal, but the motion was denied; the court adhering to what was supposed the correct practice, to wit, that judgment of *revocatur* is proper only when the judgment of this court is recalled for an error

of fact; and that judgments of inferior courts, when found to be erroneous, are to be *reversed,* whether the error be one of fact or of law. By inadvertence, the opinion written by Mr. Justice Sutherland, in *Maynard v. Downer,* previous to May term, is reported without any notice of the subsequent alteration of the judgment. The judgment of the court of common pleas must therefore be reversed, the fact being admitted by the demurrer, that judgment was rendered in that court against an infant who had appeared by an attorney and not by guardian, unless the question is affected by the death of the infant since the assignment of errors in this court.

The death of one of several plaintiffs does not abate the suit, if the cause of action survive to the surviving plaintiff, 2 R. S, 386, § 1. This is a joint action; it was necessary and proper to join both plaintiffs in the writ of error, 11 Wendell, 174. The cause of action therefore survives, and the death of Ball being suggested, this suit proceeds in favor of the surviving plaintiff. It is also true, as a general rule, that a judgment being an entire thing, cannot regularly be reversed in part and affirmed in part, Graham's Pr. 791, and cases there cited; but that a judgment may be reversed in part and affirmed in part is well settled, where it contains different and distinct matters. *Bradshaw* v. *Callaghan,* 8 Johns. R. 566. In *Richard* v. *Walton,* 12 Johns R. 434, this court said that this rule applies " where the judgments are distinct, as in cases of *damages* and *costs,* in which the judgment may be reversed as to one and affirmed as to the other; [so too, it is apprehended, in case of several damages being assessed against several defendants;] but where the judgment is entire, there must be a total affirmance or reversal." " So," say the court, " in trespass against several, if the judgment be erroneous, because one of the defendants was within age and appeared by attorney, the judgment shall be reversed *in toto.*" Beacon's Abr. Error, M. *Easton* v. *Calendar,* 11 Wendell, 96. In this case the judgment is entire, and being erroneous in part is so in whole, and must therefore be reversed. It is true as has been argued, that this is technical; but the whole matter is technical: there

is no reason why an infant is not as capable of selecting an attorney as a guardian, or why the court might not as well appoint an attorney for him as a guardian; but the practice is well established, and must be adhered to until altered by proper authority.

Judgment for surviving plaintiff on demurrer.