SMITH, CAMP AND MULLETT *vs.* KINGSLEY.

A writ, in the nature of a writ of error coram nobis, exists here as it did in England, at common law ; the only difference with us is, that it has lost its name ; the command in the writ here being, " that the record and proceedings aforesaid remaining before you being inspected, you cause further to be done," &c.

The provisions of the revised statutes relative to writs of error, are wholly inapplicable to this writ, which is not a writ of right ; to warrant its allowance there must be an affidavit of some error in fact, and it seems, application for its allowance should be made to the court, and that the party applying will be required to give bail for its prosecution.

Notwithstanding that regularly it should be sued out on affidavit, yet if issued without an affidavit, execution cannot be taken out but by leave of the court ; which, however, in such case will be granted of course.

A writ purporting to be a writ of error, coram nobis, commanding the record or a transcript thereof to be brought before the justices, that the record and proceedings being inspected we (The People) may further cause to be done, &c. is a nullity, and will be quashed on motion.

Dec. 1838.    A WRIT in the nature of a writ of error *coram nobis* was issued out of this court, in the name of The People, directed to " The Justices of the Supreme Court of Judicature of the same people," and " Because in the record, &c. between, &c. in a plea of debt, as it is said manifest error hath intervened, &c.  And we being willing, &c. do command you that if judgment be therefore given, then that you cause a transcript of the record of that judgment and all things concerning the same, to be brought before you, on, &c. at, &c. together with this writ, that the record and proceedings aforesaid being inspected, we may further cause to be done, &c.   Witness, S. N., Esq. chief justice, at, &c. the 18th day of October, 1838."

Judgment had been perfected in this court, in debt, in favor of Kingsley against Smith, Camp, and Mullett, on the 25th July, 1838, and a *fi. fa.* issued and levied on personal property of the defendants, which was advertised for sale October 26th, 1838.   In that month a *certificate of error in substance in the record* was procured from counsel, a bond given to stay execution, the above writ made out, which was allowed, and an order procured from a commis

sioner to stay proceedings, which was served upon the sheriff on the proposed day of sale. A motion was now made to set aside the order, or for such other rule, &c.

*A. Taber*, for the motion.

*M. T. Reynolds*, contra.

*By the Court*, COWEN, J.  Writs of error are writs of right in all civil cases, and may issue at all times, subject to the regulations prescribed by law.  2 R. S. 490, § 1, 2d ed. Writs to remove judgments from the C. P. or superior court of the city of New-York are to be allowed by certain officers mentioned in id. p. 493, § 25, sub. I, and writs to remove judgments from the supreme court to the court of errors by any officer authorized to perform the duties of a justice of the supreme court, &c. id. sub. 2.  No writ of erro shall be allowed in any case unless bail be put in, &c. Id. p. 494, § 26.  The party applying for allowance, shall state to the officer whether the writ be intended to operate as a stay of execution, who may order a stay even after execution begun to be executed.  Id. p. 494, 5, § 29, 30.  The bail bond and a certificate of counsel must be filed with the writ, or the clerk shall not return the writ.  If he otherwise make return, he is subject to a penalty.  Id. p. 495, § 33.  From these and other provisions, it is quite obvious that the revised statutes respecting the issuing, allowance, bail, order to stay, &c. have no application to a writ in nature of a writ of error, *coram nobis ;* and see 1 Lee's Dict. Pr. 607, citing 2 Cromp, 394 ; 2 Tidd's Pr. 1082.

It was contended that this writ, addressed to the supreme court to review a judgment there, is virtually repealed.  I find nothing to warrant the position.  It is a writ well known to the common law, and will not lie to remove a judgment from the K. B. to a superior court, 1 Lee's Dict. Pr. 606, 7, but must be brought in the former court.  Id. The jurisdiction of the supreme court is at least equally extensive at common law, Grah. Pr. 932; 16 Wendell, 51 ; and there is no statute expressly and in terms repealing its

power, nor any which does so by necessary implication. Mere silence, or omission to regulate proceedings upon such a writ will not operate as a repeal. The power, therefore, remains at common law, except as to the mere form *coram nobis resident ;* because the fiction of the record remaining before the king himself, is gone. We therefore have lost the name of the writ, but nothing more. *Camp* v. *Bennett,* 16 Wendell, 48, 51.

It becomes necessary, then, to look at this writ as it stands at common law, with a view to judge of its effect. It is said by Denison, J. in *Ribout* v. *Wheeler,* Sayer's Rep. 166, that a writ for an error in fact, is not a writ of right; and to warrant its allowance, there must be an affidavit of some error in fact, by which the judgment will be destroyed. But although it be issued without such affidavit, execution cannot be taken out without leave of the court. Tidd says, the statute concerning bail in error not extending to a writ of error, *coram nobis,* it is or is not a stay of proceedings, according to circumstances. 2 Tidd. Pr. 1082, 3, and in *Walker* v. *Stokoe,* Carth. 368, 9, it was agreed that the writ was not a supersedeas of itself; but it was so made in that case on special motion, bail being put in. That, however, was a second writ after one was quashed ; and several like cases are mentioned by Tidd at the page just cited. The usual certificate of counsel, that he has examined the record and proceedings, and in his opinion there is error in substance, 2 R. S. 495, 2nd ed. § 32, can hardly be applied to an error *aliunde.* And from what little examination I have been enabled to bestow on the question whether the writ will operate as a stay, even before execution issued, I am inclined to think that unless it be allowed on affidavit, the court will uniformly suffer execution to go ; and that even if duly allowed, bail ought on a general rule to be required. The proper way would therefore be to move the court for an allowance. But it is not necessary. perhaps, to say so in this case ; for being clear that the statute regulating the stay of proceedings does not apply to a writ of error returnable in the same court whence it issued, and it being evident that in this case there was an execu-

ALBANY,
Dec. 1838.

Smith
v.
Kingsley

tion issued, and in part executed by a levy before the day when the writ was allowed, it would for that reason neither be a supersedeas, nor stay the proceedings to a sale. This has long been settled even as to the common writ of error, which is one of right, and issuable of course. *Meriton* v. *Stevens*, Willes, 271. *Blanchard* v. *Myers*, 9 Johns. R. 66, 7. *A fortiori* of this writ, which is not so. Beside, this writ was never allowed at all in the sense of the law, applicable to common writs of error. *Allowance* means receiving the writ by the clerk of the court to which it is directed. *Meriton* v. *Stevens*, Willes, 271, and see per Savage, Ch. J. in *Patchin* v. *Mayor of Brooklyn*, 13 Wendell, 665.

Again, the writ is defective. The writ *coram nobis* properly commands us "*that the record and proceedings aforesaid,* [i. e. remaining before you] *being inspected, you* cause further to be done," &c. See form 1 Lee's Dict. Pr. 665. The writ in question commands us "that you cause a *transcript* of the record to be brought before you" at a certain day, " that the *record and proceedings* being inspected, *we* (the people) may further cause to be done," &c. I doubt our jurisdiction of a writ which commands us to bring a *transcript*, in order that the *record* [the original] may be inspected ; and the *people*, not the *justices*, may act upon it, and cause further to be done, &c. It commands a thing unknown to the law, for a purpose equally unknown. Here is no motion made to amend the writ, which, if we had power to do, we could not properly allow under the circumstances without facts being shown by affidavit to warrant this proceeding. No merits whatever are pretended either in or out of the record. If the writ were valid and regular, I am clear it could not stay the execution. But I think the proper rule will be that it be quashed with costs.