## FERRIS *vs*. DOUGLASS.

A writ in the nature of a *writ of error coram nobis* can properly issue only by order of the court, upon cause shown by affidavit, and after notice to the opposite party or his attorney.

The writ will not of itself operate as a stay of proceedings; to render it such, an order of the court is necessary, which will be granted on cause shown in the same papers on which the principal motion is founded.

In general, a stay will be ordered only on putting in and justifying bail; and then the provisions of the statute concerning bail on writs of error *coram vobis,* should conformed to by the party as nearly so as practicable.

A certificate of counsel of error in the record and proceedings is not necessary on the suing out of this writ; nor need bail be given unless a stay of proceedings is desired.

Where a writ was issued *without* the allowance of the court, and a motion was made to quash it, an allowance *nunc pro tunc* was ordered to save the attaching of the statute of limitations.

THE plaintiff sued out a writ in the nature of a writ of error *coram nobis*, to reverse a judgment rendered against him by default, and which was docketed 6th January, 1837. The writ of error was filed in the office of one of the clerks of this court on the *sixth* day of May, 1839. The plaintiff assigned as error in fact, *infancy* at the time of the rendition of the judgment. A motion was made to quash or set aside the writ; it appearing that it had not been ordered or allowed by the court, that there was no certificate of counsel on file, and that bail in error had not been put in. In opposition to the motion it was shown that the plaintiff in error became of age on the *eighth* day of *May*, 1837, and it was urged, if the writ should be holden to have been issued irregularly, that it ought to be amended by an allowance *nunc pro tunc*, as otherwise the plaintiff would be barred by lapse of time of availing himself of the error in judgment.

Ferris *v.* Douglass.

*M. T. Reynolds*, for the motion.

*J. Holmes, jun.* contra.

*By the Court,* BRONSON, J. We have already had occasion to say that this writ, for error in fact in this court, is not abolished. *Smith* v. *Kingsley,* 19 *Wendell,* 620. But some parts of the statute concerning writs of error do not apply. A certificate of counsel, that there is error in the record and proceedings is not necessary. The statute requiring bail in error does not extend to this writ. This is agreed in all the books.

The writ can only be issued on motion to this court, and cause shown by affidavit. It must appear with reasonable certainty, that there has been some error in fact, before the writ will be allowed. Notice of the motion should, as in other cases, be given to the opposite party or his attorney, or some good reason for omitting notice should appear by affidavit. *Sayer,* 166. 1 *Lilly Pr. Reg.* 710. 2 *Cromp. Pr.* 377. 2 *Archb. Pr.* 243, 4. 2 *Sel. Pr.* 401, 2. 2 *Tidd. Pr.* 1199. *Carth.* 368, 370.

Although the statute requiring bail in error does not extend to this writ, an opinion was intimated in *Smith* v. *Kingsley,* that, to make the writ operate as a stay of execution, bail ought, as a general rule, to be required. In *Ribout* v. *Wheeler,* *Sayer,* 166, it was said that the writ is not a *supersedeas* in itself ; " but although it be not, execution cannot be taken out upon the judgment whilst it is depending, without leave of the court." In *Walker* v. *Stokoe, Carth,* 367, the writ was allowed by the court and a *supersedeas* granted, upon putting in bail. But a previous writ of error had been quashed. Mr. Tidd says, the writ is or is not a *supersedeas* of execution, according to circumstances ; but what those circumstances are, is not very clearly explained. In general, he says, when a writ of error abates by the act of God, as by the death of the parties, a second writ of error is a *supersedeas* of itself, without motion or leave of the court : but the cases to which he refers were upon the common writ of error. 2 *Tidd's Pr.* 1209, *Phil.* ed. 1828. In 1 *Lilly's Pr. Reg.* 710,

it is said that the writ is allowed in court without bail ; " and upon a motion at the side bar, the court have granted a *superse--deas,* because none of the statutes which oblige the plaintiff to put in bail extend to this writ of error." This language plainly implies that the writ is not a *supersedeas* in itself. *Archbold* says, " a writ of error *coram nobis* is in some cases of itself a *supersedeas,* in some not :" but, like Mr. *Tidd,* he only mentions a single case where it will operate as a stay, to wit, when brought after the abatement of a former writ. He adds—" where error in fact is intended to be assigned, the writ of error will not be of itself a *supersedeas.*" But where not 'a stay, the court on motion will grant a stay of proceedings on putting in and per-fecting bail. " This forms a part of the rule of allowance." 1 *Archb. Pr.* 244. 2 *Tidd's Pr.* 1209. That the writ is not a *supersedeas* of execution without leave of the court, see also 2 *Cromp. Pr.* 377.

In *Birch* v. *Triste,* 8 *East,* 415, it was said by Lord Ellenbo-rough, that " in error of matter of fact *coram nobis,* which is not within the statute requiring bail in error, the writ of error is not of itself a supersedeas in the first instance ; but is or is not so, according to circumstances ; and those circumstances the court will enquire into, on motion for leave to take out execu-tion." *Sellon* says, 2 *Sel. Pr.* 401, " It is generally laid down in books of practice, that this writ does not operate as a super-sedeas, and that no bail is ever required thereon ; but in Mr. *Impey's Practice,* which I take to be correct, the contrary is holden ; and the mode of proceeding is to get the writ allowed and serve notice of the allowance on the opposite attorney, " which shall operate as a supersedeas, upon the plaintiff in error putting in and justifying bail."

Whether such a proceeding is applicable at the present day, we need not now inquire, but formerly error in the process, or through default of the clerks, might be corrected by writ of error returnable in the same court ; and it was, I think, in those cases, if any, that the writ operated as a *supersedeas* without an order of the court. Where the plaintiff intended to assign some error

Ferris *v.* Douglass.

in fact, such as infancy, coverture, or the like, the writ was never, I think, a stay in itself. Whether the court would order a stay of proceedings on the judgment or not, depended on the special circumstances of the case, and, as a general rule, it would only be ordered upon putting in and perfecting bail.

It was said in *Sayer*, that although not a *supersedeas*, execution could not be taken out while the writ was depending without leave of the court ; and in *Birch* v. *Triste*, 8 *East*, 415, Lord Ellenborough said the court would enquire into the circumstances on a motion for leave to take out execution. In 1 *Arch. Pr.* 244, it is said, that the order to stay on putting in and perfecting bail, forms a part of the rule of allowance. On this and some other points, the practice seems not to be very definitely settled in England ; and we are at liberty to adopt such a course, not inconsistent with established principles, as may be best calculated to attain the ends of justice, without unnecessary delay or vexation. As these writs have, for some reason, become much more common of late than they were formerly, we have considered the proper course of practice in this court somewhat more at large than was necessary in disposing of the present motion.

I have already said, that the writ must be allowed by this court, on motion, of which notice should be given to the opposite party or his attorney. The writ will not, of itself, operate as a stay of proceedings on the judgment. If the plaintiff in error wishes a stay, he should make that a part of his motion for the allowance of the writ, stating the facts on which the stay is asked, to the end that the opposite party may have an opportunity to answer. In general, a stay will only be ordered on putting in and justifying bail. Where a stay is ordered on those terms, the plaintiff in error must follow, as near as practicable, the provisions of the statute concerning bail in error, in cases where the writ of error is returnable in this court, and a stay of proceedings is intended. Although the statute does not, of its own force, apply to this proceeding, we are at liberty to adopt it, and thus render the practice uniform in all cases in relation to bail in error.

In the case at bar, the writ was issued irregularly, without an allowance by the court. But it now appears that there was error in fact, to wit, infancy of the defendant below at the time the judgment was rendered by default without appearance. And as he will be remediless if the writ is quashed, the statute having now run, and the practice in such cases seems not to have been very well understood, we think the writ should be *allowed* as of the time it was filed, *nunc pro tunc*, on payment of the costs of the motion. No stay of proceedings on the judgment is asked. If the costs of the motion are not paid in 20 days, the writ of error is quashed.

Ordered accordingly.