### JAMES MAHER vs. ALLEN COMSTOCK.
### JOHN C. VAN SCHOONHOVEN vs. THE SAME.

Papers on a motion for an allowance of a writ of error *coram nobis*, to reverse a judgment, should not regularly be entitled in any suit.

*Motion on the part of the defendant in each of the above causes for*

*an allowance of a writ of error*, CORAM NOBIS *to reverse the judgment in each cause for error in fact.*—The defendant being an infant at the time of the rendition of the judgment as is alleged ; notice of the motions *entitled* in the suits has been given to the attorneys for the plaintiff in each suit, and a copy of the affidavits and papers on which the same is founded duly served on the plaintiff's attorneys.   The following are the affidavits, &c.: 1st, An affidavit of Laura D. Baker, not entitled in any suit, matter or proceeding, showing that Allen Comstock was twenty-one years of age on the 26th day of April, 1845.   2d, A petition of Comstock, dated 26th Feb., 1845, showing the recovery of the judgment—his infancy at the time—that no guardian had been appointed for him—that he was about to presecute a writ of error &c., and praying the appointment of a prochain ami for him.   3d, The consent of the person proposed as such, and his affidavit showing his qualifications.   (At the March Special Term, on these papers, this court ordered the appointment of a prochain ami as prayed, ex parte.)   4th, An affidavit not entitled, made by Allen Comstock, 29th of March, 1845, showing that he was born 26th April, 1824.   5th, An affidavit of Mary Dewey not entitled, made the 27th March, 1845, also showing that Allen Comstock was born the 26th of April, 1824.   6th, An affidavit of E. Clark, entitled " Supreme Court," Allen Comstock ads. James Maher," " Allen Comstock ads. John C. Van Schoonhoven," proving that a judgment in each suit, in an action of assumpsit had been recovered against the defendant, and that an execution thereon had been issued and was then in the hands of the sheriff, &c. 7th, An affidavit entitled as the last mentioned, made by said Clark, on the 3d of April last, showing an excuse why the motion was not sooner made, &c.   8th, Notice of this motion entitled as the two last affidavits, dated 3d of April.

E. CLARK, *Defts Counsel.*          EB. CLARK, *Defts Atty.*
CAGGER AND STEVENS, *Plffs Counsel.* CAGGER AND STEVENS, *Plffs Attys.*

JEWETT, Justice.—A writ of error *coram nobis* can not properly issue only by order of this court upon cause shown by affidavit, and after notice to the opposite party or his attorney, (*Ferris vs. Douglass*, 20 *Wend.*, 626; *Smith and others* vs. *Kingsbury*, 19 *Wend.*, 620.)   It is insisted by the counsel for the plaintiffs, that only one set of papers can be read on these motions, either the set entitled or the set not entitled is irregular, and that using one or the other, enough is not shown to authorize the allowance of the writ.   It may be seen that the papers on which these motions are founded, are very slovenly got up; a portion without any title, the

residue entitled in the causes in which judgments have been recovered. That portion of the papers which are not entitled, are affidavits proving that Comstock was twenty-one years of age on the 26th day of April last and his petition for an appointment of a porchain ami, in which the further fact showing a judgment to have been recovered is set forth; assuming that the papers on which these motions are founded should not regularly be entitled in any suit, which I think is the correct practice (*Haight* vs. *Turner*, 2 *John. Rep*, 317), then there has been no regular notice of these motions given, to the party or his attorney, and the motions should be denied on that ground. On the other hand assuming that the papers should be entitled in the suits in which judgment has been recovered, we have only the affidavits of Clark and the notice of motion so entitled, in neither of which is it stated that Comstock was under twenty-one years of age at the time of the recovery of the judgments; it follows that using *either* set of papers without the aid of the other set; the motions can not be sustained. Motion in each case must be denied with $7 costs, but without prejudice.

Rule accordingly.