ALLEN COMSTOCK and PETER COMSTOCK vs. JOHN C. VAN SCHOON-
HOVEN.

ALLEN COMSTOCK vs. JAMES MAHER.

ALLEN COMSTOCK vs. JOHN C. VAN SCHOONHOVEN.

Writs in the nature of a writ of error *coram nobis*, are special writs, of a peculiar and special nature, and depend for their regularity entirely upon the practice at common law. They can only be issued by order of the court upon motion, after notice to the opposite party. To justify the issuing of such a writ, it is necessary to obtain something more than a mere rule that a writ of error issue. The usual rule in such cases is, "that a writ of error in the nature of error *coram nobis* be allowed.

*Albany Special Term*, 1848—On the 25th day of October, 1845, a

rule was made by the Supreme Court in each of these causes as follows: "After hearing counsel for both parties, on Defendant's motion, ordered that a writ of error issue in this cause unless the Plaintiff shall vacate the judgment within twenty days, in which case no writ is to issue and no costs are to be allowed to either party, but if the judgment be not vacated, and notice given within said twenty days, a writ of error may issue, and in that event costs are to abide the event." On the 24th of April, 1847, writs of error *coram nobis*, to annul or revoke the judgments recovered by the Defendants in error against the Plaintiffs in error, were filed with the clerk. No allowance was endorsed upon the writs, and no bail was given upon filing the writs. The venue in the suits in which the judgments were recovered was in Albany. After the first Monday of July, the Plaintiffs in error filed, with the clerk of Rensselaer, assignments of error in fact, and entered rules to plead thereto, and served copies of such assignments, and notices of such rules upon the attorney for the Defendants in error. The Defendants in error moved to set aside the writs and assignments of error and the rules to plead for irregularity, and if not set aside, then for leave to plead to several matters set forth in the affidavit upon which the motion was founded.

S. STEVENS, *for Defendants in error.*

G. STOW, *for Plaintiffs in error.*

HARRIS, Justice.—The proper decision of the motion to set aside these writs involves the question whether they are in fact "*writs of error.*" It is provided by the Revised Statutes (2 R. S. 595, § 26) that "no writ of error shall be allowed in any case, unless the party prosecuting such writ with two sufficient sureties shall become bound, &c. The language of this section is imperative—there is no exception—no writ of error is to be allowed without bail. If, then, these writs are writs of error, they are within the terms of the statute, and no bail having been given, they were irregularly issued. What then is a writ of error? It is defined by Bacon to be "a commission to judges of a superior court, by which they are authorised to examine the record upon which a judgment was given in an inferior court, and on such examination to affirm or reverse the same, according to law." (Bacon's Ab. Title Error.) "It lies where a man is grieved by an error in the foundation, proceeding, judgment or execution of a suit."—*Ibid.* The same definition is found in Jacobs' Law Dictionary, Title Error, where it is added, "the writ of error only lies upon matter of law arising on the face of the proceedings." Bouvier says (Title "Writ of Error,") "It is a writ issued out of a court of competent jurisdiction directed to the judges of a court of record in which

final judgment has been given, and commanding them, in some cases, themselves to examine the record—in others, to send it to another court of appellate jurisdiction therein named, to be examined in order that some alleged error in the proceedings may be corrected. *The first* is called a writ of error, *Coram nobis* or *vobis.* *The second* is called, generally, *a writ of error.* Its object is to review and correct an error of law committed in the proceedings. In the former case, the writ is not made returnable. It is merely in the nature of a commission to the court to examine the record and rectify the error. In the latter case, the writ is made returnable in the Superior Court. In the former case, if the alleged error is proved, the judgment of the court is *recalled.* In the latter case, if error is found, judgment is *reversed.* (*De Witt* v. *Post*, 11 John. 460.) In this State there is, strictly speaking, no such thing as a writ of error *coram nobis.* In the King's Bench, all proceedings are supposed to be before the king himself. Hence, when a writ for error in fact is brought in the King's Bench, the record and proceedings are described in the writ as being "before us," (*coram nobis*) and when the writ is directed to the Common Pleas, returnable in the King's Bench, the record and proceedings are described as being "before you," (*coram vobis.*) In this State the writ, issuing in the name of the people, directed to the Supreme Court, describes the record and proceedings as remaining "before you," so that, if either name can be considered as appropriate, it is that of a writ of error *coram vobis.* (*Camp* v. *Bennett*, 16 Wend. 50.) It is, however, unlike the latter writ, because the record is to be reviewed by the same court to which the writ is directed. Hence it is sometimes, and perhaps more appropriately called, in this court, "*a writ in the nature of a writ of error coram nobis.*" (*Smith* v. *Kingsley*, 19 Wend. 620 ; *Ferris* v. *Douglas*, 20 Wend. 626 ; *Higbie* v. *Comstock*, 1 Hill, 652.)

Again : if these writs are writs of error within the meaning of the term, as used in the statute, they are writs of right, issuable, of course, "subject to the regulations prescribed by law." But on referring to the regulations thus prescribed, it will be quite obvious that they are inapplicable to a writ for error in fact, to review a judgment rendered in the same court. This writ has never been regarded as a writ of right. On the contrary, it can only be issued upon motion to the court and upon cause shown. It is never allowed, of course, but only after it has been made to appear with reasonable certainty that there has been some error of fact. (*Ferris* v. *Douglass*, above cited; *Birch* v. *Trist*, 8 East. 414.)

After a careful examination of the subject, I am satisfied that the provi-

sions of the Revised Statutes in relation to writs of error, are not applicable to writs of this description, but that the issuing of the writ and the proceedings thereon, are to be regulated by the common law practice. And if this be so, it follows that the provisions of the Revised Statutes authorizing an issue to be made up and tried in the Supreme Court upon an issue of fact joined in the Court for the Correction of Errors were not intended to apply to such writs. (See, also, upon this point the opinion of the chancellor in *Davis* v. *Packard,* 6 Wendell, 334.)

It is insisted by the Defendants that the writs have not been properly allowed. Although it is usual to have an allowance of such a writ endorsed thereon by the clerk in open court, (see Tillinghast and Yates on Error, 567,) yet I am not aware that such endorsement is indispensable to the regularity of the writ. It may be enough to produce the rule of the court authorizing the writ to issue. For this purpose the Plaintiffs rely upon the rules of the 25th of October, 1845. These rules merely authorize *writs of error* to issue in each of these causes. It has already been shown that if these writs are *writs of error*, then they were irregularly issued for want of a compliance with the requirements of the statute in such cases—but, not being writs of error, within the proper meaning of the term, they were not within the regulations of the Revised Statutes, but must depend for their regularity upon the practice at common law in such cases. They are special writs, of a peculiar and special nature, properly called by our courts, " *writs in the nature of a writ of error coram nobis*," only to be issued upon the order of the court upon motion after notice to the opposite party. There is nothing in the papers read upon this motion, which shows that any other writ was intended to be allowed by the court than that described in the rules themselves. To justify the issuing of these writs, I think it was necessary to obtain something more than a mere rule that writs of error issue. The usual rule in such cases is that a writ of error, in the nature of error *coram nobis*, be allowed. (See Tillinghast and Yates on Error, at the page before cited.) Although writs of this description will, in all cases, be allowed, where error in fact is shown, yet I do not feel called upon, under the circumstances of this case, to give an enlarged construction to the terms of the rules of the 25th of October, 1845, in order to sustain these proceedings. When, as in this case, a minor engages extensively in business, representing himself of full age and obtaining credit upon such representations, he does not commend himself to the favor of the court when he applies to annul a judgment rendered against him on the ground of his infancy. Having come to the conclusion that the rules

upon which these writs were issued, were insufficient to sustain them, it is unnecessary to examine the other objections made by the Defendants to the regularity of the Plaintiffs' proceedings. The motion to set aside the writs must be granted with costs.