## WELSH v. BROWN.

1. A writ of error directed to the Circuit Court, having been dismissed for want of prosecution, the plaintiff in error cannot sue out a second writ of error.

2. The record being removed into this court by the first writ, a second writ, directed to the court below, commanding it to certify and return the record, would be a nugatory thing.

3. If the first writ of error was irregularly or improvidently dismissed, the remedy of the plaintiff in error is by motion to set aside the order of dismissal.

On motion to dismiss writ of error.

Argued at February Term, 1880, before Justices DEPUE, SCUDDER and KNAPP.

For the motion, *S. B. Ransom.*

*Contra, Alfred Mills.*

The opinion of the court was delivered by

DEPUE, J. The plaintiff in error, who was plaintiff below, sued out a writ of error directed to the Morris Circuit Court,

to remove into this court a judgment entered in that court on a verdict against him. The writ was duly returned, and at November Term, 1878, was dismissed for want of prosecution. Within the three years after judgment, allowed by the statute of limitations for bringing writs of error, the plaintiff sued out of this court a second writ of error, directed also to the Circuit Court, to bring up the same record. Motion is now made to dismiss the latter writ as improperly issued.

On dismissal of the first writ of error, no *remittitur* was entered.

A writ of error answers a two-fold purpose. It is a *certiorari* to remove the record from the inferior court, and a commission to the superior court, to examine into the record and to affirm or reverse, according to law. If the record be properly described, the *certiorari*-part of the writ is good, and the record is removed, and will remain in the superior court, though the writ be quashed. *Jacques* v. *Cesar*, 2 *Saund*. 100, note. In practice, it is usual to send only a transcript of the record, yet, in contemplation of law upon a writ of error in the King's Bench, the record itself is removed. 2 *Saund*. 101, *q ;* *F. N. B.* 45. The record being removed by the writ, into the court to which it is certified, it remains there until a *remittitur* be entered, though the writ is determined by abatement or discontinuance, and until such *remittitur* be made, the judgment is not again in the court from which it has been certified. *Howard* v. *Pitt*, 1 *Salk*. 261. The *supersedeas* continues until the record is sent back by a *remittitur*, though the judgment be affirmed, or the plaintiff in error be non-suit or discontinue, or the writ is abated. *Com. Dig., "Pleader,"* 3 *B*, 12. After affirmance or *non pros.*, for not assigning errors, execution for the sum recovered below issues out of the court to which the record was removed, if it be a court out of which an execution may issue. 2 *Saund*. 101, *dd.* Upon analogy with this practice, on dismissal of a writ of *certiorari* for want of prosecution, execution for the debt and costs issues out of this court. *Anon.*, 2 *Penn*. 753. It is only when the record is not removed because of a variance

between the writ and the record, or the writ is non-prossed before the removal of the record, that a new writ is necessary. 2 *Tidd* 1177.

The record being already in the court of error, by force of the first writ, a second writ to the court below, directing it to certify and return the record, is a nugatory thing. *Garr* v. *Paulmier*, 1 *Zab.* 681, was manifestly decided on that ground. A writ of error directed to the Circuit, had been sued out of the Supreme Court; and was dismissed for want of prosecution. A second writ, directed also to the Circuit, was sued out of the Court of Errors, and was dismissed on motion. No opinion was delivered, but it is obvious that the Court of Errors, being an independent court of error, out of which writs of error go direct to the Circuit Court, the dismissal must have proceeded upon the ground that the record, being removed into the Supreme Court by the first writ, and remaining there, could not be reached by a second writ, sent to the Circuit. The plaintiff in error having elected to remove the record into the Supreme Court, could not reach the record by a second writ out of the Court of Errors, directed to the Circuit, from which court it had already been removed into the Supreme Court. In *Hartop* v. *Hoyt*, 1 *Salk.* 263, Holt, C. J., states it as settled practice, that if the plaintiff in error be non-prossed, he shall not have his writ of error again.

By the ancient practice, if the record was removed by the first writ of error, and the writ abated, or was discontinued or quashed, the plaintiff might have another writ, which was called, indifferently, a writ of error *coram vobis* or *coram nobis*. This writ was bi-fold in form, and answered a double purpose. It lay in the King's Bench to correct error in fact or error in process, in judgments given in that court, where the error arose through the default of the clerks, but not to correct an error in the judgment of the court. It was also allowable in the King's Bench for the examination of a record removed there from another court, by a writ of error, where the latter writ had been quashed for insufficiency, or was discontinued. If a record is removed by writ of error, out of

the Common Pleas into the King's Bench, and the writ of
error, for insufficiency, is quashed in the King's Bench, the
plaintiff in error may have a new writ *coram vobis residente*.
*Bac. Abr.*, "*Error*," I, 6. So, if the record be removed into
the King's Bench, by a writ of error, and the writ after-
ward, abate, either by the judgment of the court or by plea,
death, or otherwise, error *coram vobis* lies in that court. 2
*Saund.* 101, *a*, note; *Com. Dig.*, "*Pleader*," 3 *B*, 13; 1 *Arch.*
*Prac.* 234. In a writ of error where the record cometh into
court, if the plaintiff, at that term, do not assign his errors,
and, although that he do assign his error, if he do not sue out
a *scire facias ad audiendum errores* against the defendant,
returnable the same term, or the next term, all the matter is
discontinued, and at the next term, he ought to sue a new
writ of error out of chancery, upon that record, directed to
the justices before whom the record is removed, to proceed
upon the record *quæ coram vobis residet*. *F. N. B.* 46. If
the record was ever well removed, this writ of error *coram
vobis* is the only one which could be had. Pratt, C. J., in
*Cooper* v. *Ginger*, 1 *Stra.* 607. The record being already in
the court, the *certiorari* clause was omitted from the writ of
error *coram vobis*, as unnecessary. It recited, *quod venire
fecimus*, the record by a former writ, returnable *in curia nostra
coram vobis*, and commanded " that the record and proceed-
ings aforesaid being inspected, you may further cause to be
done," &c. *Walker* v. *Stokoe*, reported in 1 *Ld. Raym.* 151,
and also in *Carthew* 367, is a precedent for such a writ. A
writ of error was sued out to remove a judgment of the
Common Pleas, which the plaintiff quashed on his own
motion, for a mistake as to parties. And thereupon he sued
out a writ of error *coram vobis residente*, which was quashed
for an error in its recital. As appears by the report in *Car-
thew*, a new writ *coram vobis* was allowed, on which the judg-
ment was reversed. In *Ginger* v. *Cowper*, 2 *Ld. Raym.* 1403,
a writ of error to the Common Pleas was quashed, and a writ
of error *coram vobis residet* was sued out. On motion to
quash, the court held that the record was removed into the

King's Bench, and consequently error *coram vobis residet* will lie.

But it is hardly worth while to recall the learning relating to this ancient precept, so long out of use as to be almost obsolete—the place of which is fully supplied by the extensive powers exercised by the court upon motion; for the allowance of such a writ of error is discretionary with the court, and is not demandable *ex debito justitiæ*. *Weal* v. *Smith, W. Kel.* 123; *Ribout* v. *Wheeler, Sayer* 166; *Horn* v. *Bushel,* 2 *Stra.* 949; *Ferris* v. *Douglass,* 20 *Wend.* 626. If the writ be applied for in the court in which the judgment was given, to revise the judgment for matter of fact, the prosecutor being in no default, the court will allow it, if error in fact be shown to exist. *Higbee* v. *Comstock,* 1 *Den.* 652. But if the plaintiff has lost the benefit of the first writ of error, by his own default, the court, in exercising its discretion in allowing the writ, will be governed by considerations which would arise on a motion to set aside the judgment of *non pros.;* and, under our practice, the relief of the plaintiff, in such a case, may well be left to be obtained upon such a motion.

This writ of error does not purport to be a writ *coram vobis.* It is directed to a court in which the record is not remaining, and is a nullity, and should be quashed. *Smith* v. *King's Ex'rs,* 19 *Wend.* 620.

Ordered accordingly.