THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* ROY J. LA PLANTE, Respondent.

County Court, Franklin County, February 16, 1955.

*Henry A. Fischer, District Attorney,* for appellant.

*Robert C. La Plante* for respondent.

LAWRENCE, J. In 1951, the defendant pled guilty to a misdemeanor before a Police Justice.

In 1955, he made application to the same Police Justice for a writ in the nature of a writ of error *coram nobis,* to set aside the judgment of conviction. It is unnecessary to set forth the grounds of such application because no notice of the application was given to the District Attorney. The Police Justice granted the order.

The People of the State of New York appealed to this court from that order, after the District Attorney learned of it.

The question presented to me is whether or not the People of the State of New York are entitled to notice of an application for a writ in the nature of a writ of error *coram nobis.*

The common-law practice in New York required notice of such an application to be given to the opposing side. (*Comstock* v. *Van Schoonhoven,* 3 How. Prac. 258, 261; *Maher* v. *Comstock,* 1 How. Prac. 175; *Smith* v. *Kingsley,* 19 Wend. 620; Frank on Coram Nobis, par. 4.01 [a].)

The defendant cites *Ferris* v. *Douglass* (20 Wend. 626, 627). In this case Judge BRONSON does say that "Notice of the motion should, as in other cases, be given to the opposite party or his attorney, or some good reason for omitting notice should appear by affidavit." Later, on page 629, he repeats that notice of motion should be given to the opposite party or his attorney.

While the cases cited were civil actions, there cannot be any logical distinction between such actions and criminal actions. (*Matter of Lyons* v. *Goldstein,* 290 N. Y. 19, 25.)

There may be situations involving civil actions in which there would no longer be, after a lapse of years, any person to whom notice of such a motion could be given. Such a situation might arise, for example, where the opposing party and his attorney had both died. It may be that in such a case, or in some similar case, a good reason could be shown by affidavit for omitting notice. It is unnecessary to speculate upon such possibilities.

The District Attorney is a constitutional officer. (N. Y. Const., art. IX, § 5.) It is his duty to conduct all prosecutions for crimes and offenses cognizable by the courts of his county. (County Law, § 700.) As such, he represents the People of the State of New York in all criminal matters. His successors in office continue to act in his place after he leaves office.

It follows, that the People of the State of New York are always represented by the District Attorney of the county involved and that there is thus always, in criminal actions and proceed-

ings, an attorney upon whom it is possible for notice to be served in applications of this kind.

I therefore hold that the District Attorney in each county, representing the People of the State of New York, is entitled to notice of every application made by a defendant for a writ in the nature of a writ of error *coram nobis*.

There having been no such notice here, the order appealed from must be reversed.

Perhaps a further observation should be made. The defendant argues that there should be no requirement of notice to the District Attorney upon the ground that the People of the State of New York are not prejudiced by failure to give such notice. In substance, the defendant claims that the question presented to the Police Justice requires such Justice to determine facts within his own personal knowledge and that in such a case, neither opposing affidavits nor a hearing is necessary.

I am unable to find merit in this argument. It is true that in such a proceeding a Judge is usually called upon to reconsider his own acts. But the District Attorney should have the right, among other things, to argue that the legal effect of such acts is different from the effect claimed in the moving papers. The District Attorney may desire to object to the application as insufficient in law or otherwise. He may desire to present additional facts. He may desire to request a hearing on the merits.

Courts of justice can only function properly where each party to a legal proceeding has an equal opportunity to be heard. Where only one party has such an opportunity, prejudice may follow.

In order that the District Attorney may have such an equal opportunity, it follows that there is good reason for the requirement that notice of such an application must be given to him. Submit order.