## HIGBIE and others vs. A. COMSTOCK.

Although a writ in the nature of a writ of error *coram nobis* is not demandable of right and can only be granted upon cause shewn, yet if error in fact *is shewn* to exist, it will always be awarded.

On an application for such writ, the court cannot look into the cause of action for which the judgment was rendered; and where it was shewn that the contract on which it was recovered was made by the defendant while an infant by fraudulently concealing his infancy, and he now seeks to reverse it because he had appeared in the suit by attorney while yet an infant; *held* nevertheless that he was entitled to the writ.

If, on such application being made the plaintiff elect to vacate the judgment, he will be permitted to do so and the application will then be denied.

An application to plead several pleas to the assignment of errors will not be entertained on allowing the writ of error, but must be made after error is assigned.

E. CLARK, for the defendant, moved for the allowance of a writ of error *coram nobis* in this cause, upon affidavits shewing that the judgment was rendered in this court on the 28th day of April, 1845, and that the defendant was an infant when the suit was commenced, and did not arrive at the age of twenty-one until the 26th day of April, 1845; that he appeared by attorney and not by guardian, and that his attorney has not taken any step in the suit since February, 1845.

On the part of the plaintiffs it was shewn by affidavits that the suit was brought for money paid to take up a bill of exchange drawn by the defendant on the 4th day of November, 1843, on the plaintiffs, for $1000 at nine months, payable to the order of Peter Comstock. The bill was dated at Port Kent, in Essex county, where the defendant was largely engaged in the lumber business, the plaintiffs being lumber merchants at Albany. At the time of drawing the draft the defendant wrote a letter to the plaintiffs desiring them to accept it for his accommodation, promising to forward lumber to meet it. Peter Comstock, the defendant's father, and then acting as his agent, on inquiry by the plaintiffs, assured them that his son, the defendant, was of full age, in prosperous circumstances, and possessed a large amount of property. Upon this information the plaintiffs accepted

the bill, which they were obliged to take up at maturity, the defendant having made no provision for it.

*S. Stevens,* for the plaintiffs, insisted that a writ of error *coram nobis* for an error in fact was not a writ of right, but that the granting of it rested in the discretion of the court, and that where it was applied for to effect or consummate a fraud, it should be denied; and cited *Smith* v. *Kingsley,* (19 *Wend.* 622, *Ferris* v. *Douglass,* (20 *id.* 627,) and *Ribout* v. *Wheeler,* (*Sayer's Rep.* 166.) He said that the proof of infancy in this case was not satisfactory. He also asked, in case the writ should be allowed to issue, that the plaintiffs might have leave to plead double to the assignment of errors, and also if they should be so advised, that they might vacate the judgment.

*By the Court,* BEARDSLEY, J. The defendant moves for the allowance of a writ, in the nature of a writ of error *coram nobis,* to revoke a judgment rendered against him by this court, for error in fact, to wit, that he, being an infant, appeared and defended by attorney and not by guardian. Such a writ does not issue of course but upon sufficient cause shewn. In *Ferris* v. *Douglass,* (20 *Wend.* 627,) Bronson, J. said, " the writ can only be issued on motion to this court, and cause shown by affidavit. It must appear with reasonable certainty that there has been some error in fact before the writ will be allowed." The case of *Ribout* v. *Wheeler,* (*Sayer's R.* 166,) is to the same effect. See also *Smith* v. *Kingsley,* (19 *Wend.* 620.) These cases clearly show that the writ is not demandable of right, and will not be allowed to issue unless cause is shown. It will not be allowed where the object is to harass a party by needless litigation and expense, or for the mere purpose of delay; but if error in fact is shown to exist it will in all cases be granted. We cannot, as I think, look at the cause of action upon which the judgment was recovered, and if we find that the party who now asks an allowance of the writ acted with palpable dishonesty and bad faith, refuse its allowance on that ground. I find no authority which would justify such a course,

and none of this character was referred to by the counsel who opposed this motion. I am persuaded no writ of error has ever been refused on such a principle.

It is shown that this defendant appeared and defended by attorney ; and if he was then an infant the judgment is erroneous, although in fact rendered after he arrived at full age. (*Camp* v. *Bennett*, 16 *Wend.* 48, *and cases there referred to.*)

The affidavit to prove the infancy is very direct and positive, and is certainly sufficient for the present purpose.

The counsel for the plaintiffs here, who are to be defendants in error, asks leave to plead as many pleas to the assignment of errors as they shall be advised are proper and necessary. That question will properly arise after error has been assigned, and on a motion to be made by the defendants in error. It is not therefore now considered.

It is also suggested on behalf of the plaintiffs, that they may prefer to vacate the judgment in their favor rather than abide the result of a writ of error. I see no objection to this if they think proper to do so. The defendant will thus at once be relieved from the judgment, which is all he can hope for from a writ of error. The plaintiffs may, if they choose to do so, vacate their judgment within twenty days, in which case this motion will be denied without costs to either party ; but if the judgment is not vacated and notice thereof given within that time, a writ of error may issue, and in that event costs are to abide the result.

Ordered accordingly.