POWELL vs. GOTT.

1. The statutes of this State have fixed no limitation to writs of error *coram nobis;* the writs barred by the statute are those only which are brought to correct errors of law.

2. If a judgment be rendered against an infant defendant who *appears by attorney*, he may at any time after he arrives at full age set the same aside, upon motion.

## ERROR to Montgomery Circuit Court.

BUCKNER, for plaintiff in error.

1. The first question presented for the decision of the court is, whether this proceeding by motion is barred by the 8th section, 7th art. Practice at Law, page 831. The appearance of an infant by attorney is more than an irregularity—it is error in fact. This section only bars proceedings by motion for irregularity. Irregularity is the transgressing of form or rule of procedure, (1 Tidd Pr. 561; 1 Duer & Paine Pr. 365; Jacob's Law Dict.,) "it is the want of adherence to some rule or mode of proceeding, either in omitting what is necessary to be done, or in doing it at an unseasonable time, or in an improper manner." Here, though a rule of practice has been transgressed, that rule has its foundation in principles of law of a substantial character. The infant has no legal capacity to employ an attorney, or to make a warrant of attorney. His letter of attorney is absolutely void, and not only voidable. It is therefore error in matter of substance, as well as a departure from the rules of practice. That it is error see the following authorities—Knapp vs. Crosby, 1 Mass. R; Arnold vs. Sandford, 14 Johns. R. 416; Mockey vs. Grey, 2 Johns. p. 192; 1 Tidd Pr. 1056, 1107; Jeffrey vs. Robideaux, 3 Mo. R. 25; 8 Co. 58, Bacon Infancy and Age, 617, 618.

2. The question of affirmance or disaffirmance of this avoidable act, does not arise in this case; and if it does, the evidence is conclusive on the point, that after reaching his full age, the plaintiff at all times was preparing to resist the enforcement of the defendant's claim, and did make actual resistance so soon as defendant began to assert his right. The court is referred to the case of Tucker vs. Moreland, 10 Peters; Clamorgan vs. Lane, 9 Mo. R. 447, for the law as expounded by this court, on the subject of the affirmance or disaffirmance of a voidable act of an infant. The record shows that Gott had purchased the land of the plaintiff, on execution upon his judgment, and had commenced, in 1847, a proceeding to have partition of the land bought, making W. L. Powell defendant, and as soon as this was done, the plaintiff in error employed counsel to appear for him and set aside the first judgment. At all events, there is no act of affirmance shown on the part of the plaintiff in error.

3. It was contended below that the plaintiff in error could not take advantage of this erroneous judgment, *post plenum ac:uatem*, and that the question of nonage must be tried by inspection. For this position, 2 Kent 237, and Bacon Abr. Tit. "Infancy and Age," and other like authorities, are referred to. These authorities lay down the doctrine that matters of record, such as fines and recoveries, recognizances, statutes merchant and staple, must be avoided during minority. These authorities and this principle, I insist, do not apply to this case. The examples given are either modes of assurance of real estate, or matters of record when the parties appear in person and the question of infancy is passed upon, and therefore is a judicial act. In fines and recoveries, it was expressly required by statute that the courts should see that recognizors should not be under disabilities, so that this matter must have been, in all cases, adjudicated by the courts. But where the parties appeared by attorney, the infant could avoid his act after fullage, and the matter be tried *per pais*, (Jacobs' Dict. Infant, 3 Bacon Abr. 584, 597.

The appointment of an attorney is not a judicial act, like that of a gurdian, and here lies the distinction. The question of nonage did not come before the court; and as presented to the court now, it is a simple question of fact, and that is, whether at the time of appearance, by attorney, the plaintiff was an infant. In the case of Arnold vs. Sandford, 14 John. and 2 Rand. 174, the same question as now presented was before the court, and the objection urged below was not suggested, either by counsel or court. In Slian vs. Shelback, 1 Dall. 165, and

Powell vs. Gott.

Moore vs. McEwen, 5 Serg. & Rawl.373, this objection was urged but overruled, and the distinction, above insisted on, recognised. In the former of these cases the court say that this principle does not apply except to the old actions for conveying and assuring real estate.

PORTER, for defendant in error.

1. The said motion was properly overruled, because it did not appear to the court that Powell sought to get rid of Gott's judgment against him, on the ground of his infancy, and of a guardian not having been appointed for him, at or before the trial of the action of trespass in which judgment was rendered against him. He had expressed his determination that Gott should not have his land, and had authorised an agent to employ counsel to defend Gott's suit for partition of the same, but had not authorized any notice to set aside or vacate the judgment, and the motion should have appeared to have been made with his consent or approbation. Vide 3 vol. Stephen's Nisi Prius, title "Infant."

2. The motion to set aside the judgment should have been made expressly for the reason that the infant had appearance upon the record by attorney, and not by guardian, which motion should have been verified by the affidavit of said Powell, or at least by some one authorised to act in his behalf in the premises, which was not the case.

3. A judgment or other judicial proceedings against an infant, without the appointment of a guardian, are good and valid till reversed. They are voidable at most, and must be avoided in the time and manner prescribed by law. Vide Jeffries vs. Robideaux, 3 vol. Mo. Rep. p. 24; also, 1 Pirtle's Digest; Tit. Infant Infancy, p. 521, and cases there cited—and if not so avoided, or if any, even slight acts *in pais*, in affirmance, are done or suffered, after the infant attains his majority, the voidable act or proceeding is affirmed. In this case, no effort to set aside the judgment of Gott was made or attempted by Powell, or any one in his behalf, till more than two years after, according to his mother's evidence, he had attained his majority.

4. It is not pretended by plaintiff in error, that he was not liable in the suit of trespass against him; nor that he was not legally and properly defended—indeed, it appears by the evidence of his mother, his natural guardian, that he was so defended by counsel employed by herself as well as by a volunteer attorney. The only error complained of on the motion is, that the circuit court omitted the formality of appointing a guardian *ad litem* on the trial; and for this omission defendant in error submits that the motion should have been made within five years after the rendition of the judgment, and not after, and cites Art. 7, sec. 8, title "Practice at Law," Rev. Statutes. The motion in question was not filed till after the expiration of that period, and there being no saving in favor of infants, or others laboring under disability, the said irregularity is cured.

5. The motion in this case, admitting that the same was properly made and authenticated, which defendant denies, is a proceeding of *error coram nobis*—vide Jacobs' Law Dictionary, Tit. Infant, ch. 3—and analagous to a writ of error from a superior to an inferior court; and all writs of error are required to be brought within five years after the rendition of the judgment or decision from which they are taken, and not thereafter—vide sec. 3 Practice in Supreme Court, Rev. Statutes, p. 901—and this, defendant insists, is sufficient to sustain the decision of the circuit court in dismissing the motion. •

NAPTON, J., delivered the opinion of the court.

This was a motion to set aside a judgment obtained against an infant who appeared by attorney. The judgment was rendered in 1841, and the motion was made in 1847, about two years after the defendant attained his majority. The motion was supported by several affidavits,

both of the petitioners and others of his family to establish the truth of the facts stated therein.

The motion was overruled by the circuit court.

This is in the nature of a writ of error *coram nobis*. The object of this motion is to correct an error in fact, upon which certain proceedings in law have been based.

The objections taken to the motion here, are first, that the motion came too late, having been made after the infant attained his full age; second, that our statute of limitations upon writs of error and the 8th section of the 7th article of the act concerning Practice at Law, constitute a bar from lapse of time.

The section above referred to provides, that "judgments in any court of record shall not be set aside for irregularity, on motion, unless such motion be made within five years after the term such judgment was rendered."

This section we deem inapplicable to the present motion, for the reason, that the entering of a judgment against an infant is not an irregularity, but an error. (Exparte Toney, 11 Mo. R. 663.) Nor do we think the limitation of five years, fixed by our statute which regulates writs of error to the supreme court, applicable, because the error complained of here is not one of law, but of fact. The whole of our act regulating the practice in the supreme court, and writs of error generally, most manifestly is intended to apply to writs brought to correct errors of law. There is no limitation to be found in our statute book to a writ of error *coram nobis*—or a proceeding to correct a judgment of law founded upon an error of fact. The rare occurrence of such proceedings has doubtless caused them to be overlooked by the legislature. The courts have no power to supply the omission.

The first objection is not tenable. The old rule for setting aside fines and recoveries, on account of the infancy of the party levying the fine or suffering the recovery, is not at all analagous to the present case. These were kinds of record conveyances, equivalent to judgment—and the question of infancy was passed upon by the courts, when they permitted the fines or recoveries to be had. The judges were specially directed by the act of Parliament, under which these proceedings were had, to see that the party appearing and acknowledging the fine was of full age. But in the present case, the party appeared by attorney in the usual way, and the fact of infancy was not passed upon. It was assumed that the party was of full age, and the whole proceeding was based upon that assumption. It is now asserted that the fact was otherwise, and there is nothing on record to debar the defendant from so asserting. Judgment reversed and cause remanded.