THE STATE, Appellant, v. J. W. WALLACE et al.

Division Two, February 18, 1908.

1. **WRIT OF ERROR CORAM NOBIS: Function: Limitations.** The office of a writ of error *coram nobis* is to bring to the court's attention and to correct some error of fact which did not appear in the record, and which was unknown to the court. Such writ is not barred by the Statute of Limitations, but may be issued at any time after error committed.

2. ————: **Discretion: Facts Considered.** The writ of error *coram nobis* is not a writ of right, but is granted or refused in the discretion of the court on affidavits presented or evidence adduced; but the court, in passing upon the application for the writ, should not consider any facts which might have been put in evidence by defendant had he been put upon trial in the case.

3. ————: **Recognizance: Death of Principal: Vacating Judgment: Discharging Sureties.** Where, after judgment entered against the sureties on a recognizance, the sureties filed a motion in the nature of a writ of error *coram nobis*, praying the court to vacate its judgment on the ground that the principal in the recognizance was dead at the time of the rendition of the judgment, and the court, after considering the motion and affidavits filed in support thereof, sustained the motion and set aside the judgment, it could not go further and enter final judgment in favor of the sureties, discharging them from liability on the recognizance. After vacating the judgment, the proceeding on the recognizance should have been conducted just as if no judgment had ever been rendered thereon, and the question whether the principal in the recognizance was dead at the time of the rendition of the judgment could be put in issue by answer to the *scire facias*, and tried by a jury, if necessary, as in other jury cases.

Appeal from Greene Criminal Court.—*Hon. Jas. T. Neville*, Judge.

REVERSED AND REMANDED.

*Herbert S. Hadley*, Attorney-General, and *Rush C. Lake*, Assistant Attorney-General, for the State.

The court erred in setting aside the judgment of forfeiture. (a) No motion for new trial or in arrest of judgment was filed by the respondents during the term at which the judgment was rendered and within four days from the date thereof. (b) A judgment upon a writ of *scire facias* is like any other judgment entered in a cause; and becomes final unless a motion for a new trial or in arrest of judgment is filed within the time prescribed by the statute and during the term at which such judgment is rendered. (c) All the proceedings had by the court in this cause, after the adjournment of the court for the term at which the judgment was rendered, were void. (d) There is no discretion lodged in the court which permits it to take cognizance of the motion filed by the respondent on the 7th day of May, 1904. Owens v. In-

gram, 74 Mo. 193; Orvis v. Elliott, 65 Mo. App. 96; State v. Gartrell, 171 Mo. 504; State ex rel. v. Fort, 178 Mo. 518. The judgment in this cause was rendered August 12, 1903; the motion seeking to set aside such judgment was filed May 7, 1904. The term of court at which such judgment was rendered having expired, it became a finality, and the order setting aside the judgment should be reversed, with directions to the circuit court to enter judgment against the defendants for the amount of the bond.

*Hamlin, Delaney & Delaney* for respondents.

(1)   At common law, if matters exist which were not brought into the issue (such as affect the validity and regularity of the proceeding itself) the writ of error *coram nobis* was issued in order to gain justice. The most common instances of its use are in cases of following character:   To show the death of a party at the date of the institution of the suit; to show the death of a party at the date of judgment; to show that party defendant was an infant and appeared by attorney instead of by guardian; to show that party was a married woman and husband not joined, etc., etc.   Hurst v. Fisher, 1 Watts & S. (Pa.) 438; Kemp v. Cook, 18 Md. 130; Land v. Williams, 12 Smed. & M. (Miss.) 362; Boughton v. Brown, 8 Jones (N. Car.) 393; Teller v. Wetherell, 6 Mich. 46; Day v. Hamburgh, 1 Brown (Pa.) 75; Powell v. Gott, 13 Mo. 458; Ex parte Toney, 11 Mo. 661; Latshaw v. McNees, 50 Mo. 381; State ex rel. v. Heinrich, 14 Mo. App. 146; Dugan v. Scott, 37 Mo. App. 662; State ex rel. v. Horine, 63 Mo. App. 1; Marble v. VanHorn, 53 Mo. App. 361; Ex parte Gray, 77 Mo. 160; State ex rel. v. White, 75 Mo. App. 257. (2)   In sustaining a writ of error *coram nobis,* or a motion in the nature of such writ, the judgment of the court is not reversed; it is simply revoked or recalled. The error in fact is not the error of the judges.   Fel-

lows v. Griffin, 9 Smed. & M. (Miss.) 362; 2 Tidd's Practice, 1191; 1 Manning, 490. (3) Every court has the inherent power to review errors of fact. Facts affecting the validity and regularity of the legal proceeding itself, however late discovered and alleged, are sufficient to recall and set aside a judgment by writ of error *coram nobis* or by motion in the nature of such a writ. Bank v. Wistar, 3 Peters 431; The Palmyra, 12 Wheat. 10; Sibbald v. United States 12 Peters 492; Bronson v. Schulten, 104 U. S. 410; Philips v. Negley, 117 U. S. 665; Powell v. Gott, 13 Mo. 458. (4) The old formal writ of error *coram nobis* has fallen into disuse and its place is taken by motion heard in a summary manner upon affidavits. Such was the course pursued in this case. Pickett's Heirs v. Ledgerwood, 7 Pet. 144; Freeman on Judgments (1886), sec. 93; Life Assn. v. Fassett, 102 Ill. 315; Powell v. Gott, 13 Mo. 458; Ex parte Gray, 77 Mo. 160. (5) In addition to this inherent power to vacate the judgment, our statute expressly confers upon the court the power to vacate its judgment in cases of forfeited recognizance. The court acts for cause shown. No limitation of time is named within which the court must act. In fact, it is distinctly announced in Powell v. Gott, 13 Mo. 458, that neither the general Statutes of Limitation nor the special one apply in such proceedure. The court may remit such forfeiture not only for legal reasons—errors of fact made known by a motion in the nature of a writ of error *coram nobis*—but also for any reason appealing to the conscience of the court as provided by section 2554, Revised Statutes 1899. State v. Clifford, 124 Mo. 501; State v. Taylor, 136 Mo. 462.

BURGESS, J.—On July 26, 1901, at the July term, 1901, of the criminal court of Greene county, the prosecuting attorney of said county filed an information against Walter Wallace, charging him with steal-

ing a horse. The accused was arrested on the 29th day of July following, and gave a recognizance bond in the sum of five hundred dollars, with J. W. Wallace and A. J. O'Neal, respondents in this case, as sureties. Upon application of the defendant, Walter Wallace, the cause was continued until the next regular term of court. The cause was called for trial December 10, 1901, but the defendant failed to appear, whereupon a forfeiture of the bond was taken, and a writ of *scire facias* issued, which writ was duly served upon J. W. Wallace and A. J. O'Neal, respondents herein, and a *non est* return made as to Walter Wallace. On April 15, 1902, the forfeiture proceeding as to Walter Wallace was dismissed by the State, and the court rendered judgment of forfeiture against J. W. Wallace and A. J. O'Neal. Thereafter, on December 6, 1902, a motion to quash the *scire facias* was sustained by the court and the judgment of forfeiture set aside.

On December 19, 1902, a second writ of *scire facias* was ordered issued and served upon said parties, returnable March 23, 1903. Service was duly had upon J. W. Wallace and A. J. O'Neal on the 24th day of January, 1903, Walter Wallace not being found. On April 17, 1903, an application for change of venue was filed, which was sustained, and it was agreed by the parties that Hon. James T. Neville, judge of the circuit court of the Twenty-third Judicial Circuit, be elected special judge to sit on the trial and proceedings in the cause, which was set for June 10, 1903. Thereafter, on August 12, 1903, after various continuances, the cause was heard and judgment was rendered by default against J. W. Wallace and A. J. O'Neal, the proceeding as to Walter Wallace being dismissed by the State. A stay of execution was thereafter granted to respondents to the first day of the March, 1904, term of court.

On the 7th day of May, 1904, the defendants, respondents herein, filed a motion to set aside the judg-

ment rendered against them, and in support of said motion filed their affidavits to the effect that, without their connivance or consent, defendant, Walter Wallace, had disappeared before called for trial on the 10th day of December, 1901; that they had in good faith, but without avail, exhausted all means in their power to locate and capture said defendant, and that they believed that defendant was dead before judgment of forfeiture was rendered against them on August 12, 1903. W. G. Criswell and defendants' counsel also filed affidavits stating that they believed that the matters and things stated by the respondents in their affidavit were true. The hearing of said motion was continued from time to time until the 12th day of December, 1906, when the attorney for defendants filed an affidavit in the nature of a petition for a writ of error *coram nobis*, and the court, after considering the same and the motion theretofore filed, sustained said motion, and made an order that the judgment rendered against the defendants be set aside and that the defendants pay the costs accrued in the prosecution, to which action of the court in sustaining said motion and setting aside the judgment the State excepted at the time. Within four days thereafter the State filed a motion to set aside the order of the court vacating said final judgment, for the following reasons:

"1. Because the court had no jurisdiction to make said order setting aside the said judgment at the November term, 1906, said judgment having been rendered at the July term, 1903, of said court, and no motion for a new trial or in arrest of judgment was filed at the said July term, 1903, of said court, and no appeal was taken at said term of court.

"2. Because the judgment rendered at the July term, 1903, of said court in favor of the plaintiff against the defendants was rendered pursuant to an agreement

made between the attorney for the plaintiff and the attorney for the defendants.

"3. Because there was no competent evidence whatever introduced or offered by defendants in support of their said motion to set aside the judgment, and no evidence of any character introduced or offered by the defendants proving that said W. T. Wallace, for whose appearance the recognizance was given, was dead at the time judgment of forfeiture was taken, and the presumption is that he is still living."

The court overruled said motion, and the State excepted. In due time an affidavit for appeal to this court was filed, and the appeal granted.

While the writ of error *coram nobis* does not lie to correct an error of law, it does lie in the same court which renders a judgment to correct an error of fact, to show, for instance, the death of a party at the time of the rendition of a judgment against him, or that a party defendant was insane or was an infant, or to show the coverture of a defendant at the time of the rendition of a judgment against her; and such writ is not barred by the Statute of Limitations, but may be issued at any time after error committed. [Powell v. Gott, 13 Mo. 458.]

Latshaw v. McNees, 50 Mo. 381, was a suit brought against a married woman without joining her husband, and judgment was rendered against her alone, and the error did not appear on the face of the proceedings. It was held that the error could only be brought to the attention of the court by a proceeding in the nature of a writ of error *coram nobis*, and that the usual way is by motion, supported by affidavit or evidence.

In Ex parte Gray, 77 Mo. 160, it is held that for an error of fact in the proceedings of a court of record a writ of error *coram nobis* will lie to revoke a judgment, whether it be a court of civil or criminal jurisdiction.

In Dugan v. Scott, 37 Mo. App. 663, it is held that the office of a writ of error *coram nobis* is to bring the court's attention to and to correct some error of fact which did not appear in the record, and which was unknown to the court, such as that one of defendants was dead at the time of entering the judgment. It is not, however, a writ of right, but is granted or refused in the discretion of the court on affidavits presented or evidence adduced; and it has been held that the action of the court in granting the writ will not be reviewed upon appeal. [Higbie v. Comstock, 1 Denio 652; Tyler v. Morris, 20 N. C. 487.] But the court in passing upon the application or motion for the writ should not consider any facts that might have been put in evidence by defendant had he been put upon trial in the case. [23 Cyc., p. 884; Dobbs v. State, 63 Kan. 321; Hadley v. Bernero, 103 Mo. App. 549.]

As the issuance of the writ, as has been said, was discretionary with the court, its action in that respect is not reviewable on this appeal. But the judgment shows upon its face that the court not only set aside and vacated the judgment in favor of the State upon the recognizance, but made it final in favor of the defendants, by adjudging that plaintiff take nothing by its action and proceeding herein, and that defendants be discharged and go hence without day, while all that the court had authority to do in the premises was to revoke or set aside said judgment in favor of the State, in which event the question presented by the application for the writ, that is, whether the principal in the recognizance bond was dead at the time of the rendition of said judgment, could be put in issue by answer to the *scire facias,* and tried by a jury, if necessary, as in other jury cases. [Cook v. Conway, 3 Dana (Ky.) 454; Fellows v. Griffin, 9 Sm. & M. (Miss.) 362.] But only such point as presented by the pleadings, i. e., the

*scire facias* and answer thereto, can be considered on the trial.

The court was without authority to render judgment discharging the defendants from liability upon the recognizance bond. When it set aside the judgment on the bond, or upon the *scire facias* issued thereon, its authority over the matter ceased, and its judgment, that "the judgment rendered against said defendants in this case at the July term of this court be set aside, vacated and held for naught," put the proceedings on the recognizance in the same situation as when the judgment upon the *scire facias* issued upon the recognizance was rendered (Holford v. Alexander, 12 Ala. 280); so that the proceeding on the recognizance should be proceeded with just as if no judgment had ever been rendered thereon.

For these intimations the judgment is reversed, and the cause remanded, to be proceeded with in accordance with the views herein expressed.

All concur.