BY THE

ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

MARCH TERM, 1914.

JAMES A. GIBSON, Guardian, Respondent, v. ALICE POLLOCK, Appellant.

**Kansas City Court of Appeals, April 6, 1914.**

1. CORAM NOBIS: Insanity: Assault: Pleading. In a petition for a writ of error *coram nobis* to set aside a judgment rendered against an insane person for assault and battery on a trial when he was insane if it is alleged that he was insane at the time of the trial and judgment, it is not necessary to also allege that he was insane when he committed the assault.

2. INSANE PERSON: Torts: Civil Liability: Defence. An insane person is civilly liable for his torts, such as assault and battery, but if an action is brought against him he must have the right and benefit of a defence by a sane person (either himself recovered or a guardian) to ascertain if he committed the tort.

3. WRIT OF ERROR: Judgments: Insane Person. The office of a writ of error is to nullify judgments, proper on the face of the record, but improper by reason of facts not appearing by the record. And it may be invoked to annul a judgment taken against an insane person.

4. ———: ———: ———: Pleading: Demurrer. Where a petition for writ of error *coram nobis* alleges in general terms that the insane person "had a good and complete defense to said action" for assault and battery charged against him, it is sufficient after judgment, even though it be conceded to be bad if attacked by special demurrer for not alleging the facts constituting the defence.

179 Mo. App. (188)

5. ———: Guardian: Pleading. Where a petition for a writ of error *coram nobis*, is in the name of a guardian for an insane person, an objection to it on that ground is waived unless it be made a ground of special demurrer.

6. ———: Insane Person: Trial: Evidence: Defence. On trial of a writ of error *coram nobis* to set aside a judgment on the ground that it was rendered against an insane person for an alleged assault and battery, it is not necessary to prove facts showing that such person had a good defence to the action for assault and battery.

7. ———: Insanity: Evidence. Evidence showing a person carried on imaginary conversations with the dead and with the angels; that he preached sermons to imaginary congregations through the night, is sufficient upon which to base a finding of insanity.

8. ———: Limitations: Laches. The Statute of Limitations does not run against a writ of error *coram nobis*; and though a judgment against an insane person attacked by such writ has been rendered more than five years, yet if only a period of eighteen months has passed since the appointment of a guardian before he brings his action, there is no laches.

Appeal from Buchanan Circuit Court.—*Hon. L. J. Eastin*, Judge.

AFFIRMED.

*James W. Boyd* for appellant.

*Chas. F. Strop* and *Eugene Silverman* for respondent.

ELLISON, P. J.—On the 19th of May, 1903, a judgment was rendered in favor of defendant Alice Pollock, against Frederick Reischel in the sum of one thousand dollars. The ground of her action against Reischel was assault and battery. On the 11th of August, 1908, this plaintiff as guardian for Reischel, instituted this action in the nature of an application for a writ of error *coram nobis*, whereby he seeks to set aside such judgment on the ground of error of

fact, viz., the insanity of Reischel, which fact did not appear on the record in the action for assault and battery. The trial court sustained the application and set aside the judgment with a view to allowing the guardian to file an answer and defend against the action. Alice, as defendant in this proceeding, appealed to this court.

Defendant demurred to plaintiff's petition on the ground that it failed to state a cause of action. The demurrer was overruled, and she then filed an answer consisting of a general denial and that no cause of action was stated. While an answer ordinarily waives a demurrer, it does not do so when the objection is a failure to allege facts sufficient to constitute a cause of action, and we therefore will examine into the sufficiency of the petition.

It is claimed that though the petition alleges that at the time of service of process in the action for assault and battery and at the time of the trial of that action, Reischel was insane and that no guardian was appointed for him, yet it is fatally defective in that it is not alleged that he was insane when he made the assault on Mrs. Pollock. In support of this proposition defendant has cited us to an array of authority to the effect that a judgment against an insane person is not void, and that "Process and judgment go against the lunatic as against other parties." [1 Black on Judgments, Sec. 205; 1 Freeman on Judgments, Sec. 152; Jamison v. Culligan, 151 Mo. 410, 16; Redmond v. Railroad, 225 Mo. 721, 729; 10 Encyclopedia Pleading & Practice 1224.] And that a lunatic is civilly liable for his wrongful trespass such as for assault or for destruction of property. [Barry v. Moore, 78 Pa. St. 407, 413; Behrens v. McKenzie, 23 Iowa, 333, 342; Morain v. Delevin, 132 Mass. 87; 11 Am. & Eng. Ency. of Law (1 Ed.) 127.]

In our opinion these propositions fail to support the objection to the petition. The allegations therein

are not, directly or indirectly, inconsistent with the law thus stated. An insane person is liable for his torts, but he must have the right and benefit of a defence made by a sane person (either himself recovered, or a guardian) to ascertain if he committed the tort. The face of the proceedings against him not showing the fact of insanity and consequently that he was disabled to defend at the time of the trial, the judgment appears to be valid, and the only way he may have defence is to set it aside by writ *coram nobis,* for error of fact not disclosed by the record. The office performed and the practical application of this writ has been stated and illustrated many times in this state. [State v. Wallace, 209 Mo. 358, 365; State ex rel. v. Riley, 219 Mo. 667, 683; State v. Stanley, 225 Mo. 525, 532; Dugan v. Scott, 37 Mo. App. 663.]

But while defendant seems to concede the writ would be allowable in cases where the judgment was against an infant, deceased person, etc., she insists that since the judgment against an insane person is valid, the writ will not aid such person. This idea leaves out of view what we have just written, that, if properly applied for, there must be opportunity afforded for defence by a sane person. And insane persons are included with those mentioned as being entitled to the writ. [Heard v. Sack, 81 Mo. 610, 616; State v. Wallace, supra, l. c. 364; State ex rel. v. Riley, supra, l. c. 682; Dugan v. Scott, supra, l. c. 670; Hadley v. Bernero, 103 Mo. App. 549, 561; 23 Cyc. 884.]

It is further contended that the petition fails to state a cause of action in that it does not allege facts showing that Reischel had a good defence which he could, and would, offer if given an opportunity. Many cases are cited in support of the proposition that such allegation should be made to set aside judgments by default and in some other instances when a party had failed to make a proper defence; or for some irregularity. These are not applicable. In proceeding for

the writ of error *coram nobis*, it has been held that no inquiry can be had into the cause of action upon which the judgment is founded. [Higbee v. Comstock, 1 Denio, 652; Breckenridge v. Coleman, 46 Ky. 331, 335; 23 Cyc. 884, 885.]

But it is not necessary that we should decide the matter as a question of pleading, since, in our opinion, the petition is sufficient after judgment. It does not set out the facts of defence which existed in Reischel's favor in the action of assault and battery; but it does allege "that the allegations in said petition so filed by Alice Pollock as aforesaid were untrue and that said Frederick Reischel had a good and complete defence to said action." The sufficiency of those allegations might be attacked by proper demurrer, but they are not so deficient as not to be curable by verdict or judgment. The allegations being of that character, defendant's answer waived objection to them.

Another objection to the petition is that it should not have been entitled as "James A. Gibson, Guardian and Curator of Fredric Reischel, Insane;" that, as it stands, Gibson is the plaintiff instead of Reischel, and that he is not a proper party plaintiff. But this also should have been made a ground of special demurrer; or specially set up in the answer; otherwise, it is waived. [Baxter v. St. Louis Transit Co., 198 Mo. 1; Gibson v. Schull, 251 Mo. 480.],

But during the introduction of evidence the question was presented whether the merits of the action for assault and battery were an issue in the present proceedings. The trial court ruled they were not, and we believe the ruling was correct. Keeping in mind that the ground of plaintiff's present complaint is that a trial was had of an insane man and that a judgment was rendered against him, we cannot see the reason for, or propriety of trying the merits of the action in which such judgment was had. [Higbee v. Comstock, 1 Denio 652; Breckenridge v. Coleman, 46 Ky.

331, 335; 23 Cyc. 884, 885.] In the first of these cases, the court, per BEARDSLEY, J., said: "We cannot, as I think, look at the cause of action upon which the judgment was recovered, and if we find that the party who now asks an allowance of the writ acted with palpable dishonesty and bad faith, refuse its allowance on that ground. I find no authority which would justify such a course, and none of this character was referred to by counsel who opposed this motion. I am persuaded that no writ of error has ever been refused on such a principle." In the circumstances of a case like the present, the merits of the controversy will be tested when both sides may be represented by sane men.

An examination of the evidence bearing on Reischel's sanity at the time Mrs. Pollock's action was brought against him and at the time of the trial and the judgment in her favor does not justify us in interfering with the conclusion reached by the trial Judge. Her action was instituted on the 2nd of March, 1903 and, as stated at the outset, judgment was rendered against him for $1000 in the following month of May, and the present proceeding was instituted in August, 1908. The evidence clearly shows that prior to the year 1903 and during that year and continuously to the 22nd of March, 1907, he was insane, and on the latter date he was so adjudged by the probate court of Buchanan county. He carried on conversations (as he thought) with the dead and the angels. He would preach sermons on his porch to imaginary congregations. One witness said that "Sometimes he would sing, and then he would exhort, and was as near a maniac as any man could be." In some of his preaching he used "very vulgar language" and attracted the attention of the neighborhood, and he kept it up frequently until past midnight. At one time he tried to set fire to his neighbor's woodshed. His family left him and he lived alone in his house for several years.

179 App. 13

We will not go into more detail; sufficient to say he was finally formally adjudged insane as above stated. We have not overlooked evidence in his behalf of his caring for himself; that he purchased meat and groceries for himself, though sometimes when they were delivered he would "holler and yell and sing;" and that he drew a pension. Undoubtedly he did sane acts and may not have been *continuously* giving evidence of aberration. An insane person will frequently act sane and do sane things; but a sane man will not persistently, or frequently do things insane.

It will be noticed that this proceeding was not begun until more than five years after the judgment was rendered. But it seems to be conceded that the Statute of Limitations does not apply to writs *coram nobis* (Powell v. Gott, 13 Mo. 458) though it is suggested by defendant that plaintiff was guilty of such laches as to justify a refusal to grant him relief; and she cites Baker v. Cunningham, 162 Mo. 134, 144. While more than five years had elapsed between the date of defendant's judgment and the bringing of this action, yet only about eighteen months had elapsed after the appointment of a guardian. In such circumstances we think there was not such delay as to bar the writ. Plaintiff stoutly maintains that defendant has no proper bill of exceptions. In the foregoing we have assumed the bill to be regular and valid.

We have carefully considered other minor objections to the judgment, but think them not well founded and hence affirm the judgment. All concur.