Byron W. NORMAN, a Minor, by and through his Mother and Next Friend, Gwendolyn Bartlett, Appellant,

v.

Lloyd YOUNG, Respondent.

No. 45626.

Supreme Court of Missouri, Division No. 2.

May 13, 1957.

Roger J. Barbieri, Kansas City, for appellant.

James H. Herbert and Harold L. Holliday, Kansas City, for respondent.

STOCKARD, Commissioner.

On December 20, 1955, defendant filed a motion in the circuit court of Jackson County in the nature of a writ of error coram nobis to set aside a default judgment entered against him on January 7, 1955. The evidence introduced in support of the motion established that on January 19, 1954, while defendant was a patient in a locked ward of the psychiatric service of the Veterans Administration Hospital in Kansas City he was personally served with a summons in a suit for wrongful death wherein the plaintiff sought $15,000 for the wrongful death of his father. No answer or other pleading was filed on behalf of defendant, and no action was taken by plaintiff until January 7, 1955, when, with no further notice to defendant, he ob-

tained a default judgment for the total amount sought.

Subsequent to the service of the summons on him, and on March 16, 1954, defendant was adjudged to be incompetent and a guardian was appointed for him. However, on August 26, 1954, which was before the entry of the default judgment, defendant was adjudged to have been restored to his sanity and the guardian was discharged. Dr. Wayland A. Stephenson, a physician and neurologist at the Veterans Administration Hospital testified that on January 19, 1954, defendant was not competent and was not able to exercise judgment. On April 30, 1956, the trial court sustained defendant's motion and set aside the default judgment, and it therefore necessarily determined that defendant was insane at the time of the service of the summons. This finding is adequately supported by competent evidence, and plaintiff does not contend that defendant was then sane.

A motion in the nature of· a writ of error coram nobis "is made to the trial court to correct errors of fact, not appearing on the face of the record, affecting the validity of proceedings which errors of fact were unknown to the party now seeking relief and to the court at the time of the disposition of the particular case, and which errors of ʹfact, had they been known, would have prevented the rendition of the judgment." State v. Harrison, Mo.Sup., 276 · S.W.2d 222, ·223; Schoenhals v. Pahler, Mo.Sup., 257 S.W. 2d 662; Blodgett v. State, Mo.Sup., 245 S.W.2d 839; Casper v. Lee, 362 Mo. 927, 245 S.W.2d 132. "The motion or application is considered a new action—is in the nature of an independent and direct attack upon a judgment—with the purpose of revoking or annulling the judgment." State v. Harrison, supra.

Plaintiff contends that a motion in the nature of a writ of error coram nobis cannot be used to review errors apparent upon the face of the record, and that de-fendant has not presented any error of fact dehors the record. We agree with the first contention but disagree with the second. While the sheriff's return affirmatively showed that the summons was served on the defendant personally, it did not show that the defendant at the time of the service was in a locked ward of a mental institution and that he was then insane, and as far as is shown by the record that service was the only notice defendant had of the suit.

Plaintiff next contends in his second last assignment of error that a writ of error coram nobis does not lie "where the party complaining knew the fact at the time of the trial." We cannot determine from plaintiff's brief just what "fact" he contends defendant knew at the time of the trial, but it is abundantly clear that he does not contend that defendant ever knew prior to the entry of the default judgment, even after he regained his sanity, that he had been served with a summons and was a party defendant to a suit seeking $15,000 damages for wrongful death. Plaintiff's argument is as follows: "There was no proof, and defendant's motion does not allege that plaintiff had knowledge of any disability of defendant. However, it is apparent that defendant had knowledge and that he was well represented by attorneys. See [a transcript reference] wherein on that date of March 16, 1954, the defendant was represented by several attorneys who appeared on behalf of him. Yet, there was no suggestion of insanity by any of the parties to the trial court that defendant was incompetent." Following this statement appears only quotations from cited cases and the same argument in slightly different language.

It is not essential to a writ of error coram nobis that the applicant therefor allege and prove that the other party did not know of the fact issue which would have prevented the entry of the judgment. Casper v. Lee, 362 Mo. 927, 245 S.W.2d 132, 141, and the cases therein cited on this question, clearly establish that the only re-

quirements pertaining to the existence or lack of knowledge of the error of fact, are that "They must be facts which were unknown to the court and the applicant and which could not have been known to the applicant by the exercise of due diligence."

It may be assumed that defendant had knowledge, after he regained his sanity, that he was previously insane, but that is of no importance here. The reference by plaintiff in his brief to the representation of defendant by "several attorneys" is in error factually, and is so worded that it could be reasonably assumed that plaintiff intended to convey the impression to this court that in the wrongful death action defendant was represented by counsel. There is absolutely no support of this in the record, and what is shown is that at the hearing in the probate court on March 16, 1954, on the issue of defendant's insanity he was represented by one court-appointed attorney, and that there were several other lawyers present representing other interests.

■■ Plaintiff admits in his brief that a motion in the nature of a writ of error coram nobis properly lies to set aside a default judgment entered against an insane person. But the substance of plaintiff's contention is that in this case there was no default judgment against an insane person, but a default judgment against a sane person based on personal service made in the manner not only authorized but required by Section 506.150 RSMo 1949, V.A.M.S. Plaintiff cites Graves v. Graves, 255 Mo. 468, 164 S.W. 496; City of St. Louis v. Franklin Bank, 351 Mo. 688, 173 S.W.2d 837; and Kings Lake Drainage District v. Winkelmeyer, 228 Mo.App. 1102, 62 S.W.2d 1101. None of these cases involves this situation. The Graves case holds, among other things, that an insane person without a guardian may be sued by having personal service of summons on him, but that upon the suggestion of insanity, a guardian ad litem should be appointed. See also Redmond v. Quincy,

Omaha & Kansas City Railroad Co., 225 Mo. 721, 729, 126 S.W. 159. In each of the other two cited cases it is expressly stated that it is proper to set aside a judgment upon application by writ of error coram nobis where the judgment was rendered against a decedent, an infant or an insane person. See also Casper v. Lee, supra; Simms v. Thompson, 291 Mo. 493, 236 S.W. 876; Schoenhals v. Pahler, supra; Bank of Skidmore v. Ripley, Mo. App., 84 S.W.2d 185; Gibson v. Pollock, 179 Mo.App. 188, 166 S.W. 874. A judgment rendered against an insane person based on proper personal service is not void. Kleber v. Carlos, Mo.Sup., 202 S.W. 2d 865, 867; Annotations: 34 A.L.R. 221 and 140 A.L.R. 1336. In those cases in which a judgment entered against a person who at the time was insane has been set aside upon motion in the nature of a writ of error coram nobis, the court rendering the judgment had jurisdiction over the person of the defendant, and had jurisdiction to enter the judgment it did. We see no material difference where a judgment is entered against a person without his knowledge because he was insane at the time of the entry of the judgment, and where a judgment is entered against a person without his knowledge because he was insane at the time the only notice of the suit was given to him. In either event he did not "have the right and benefit of a defense made by a sane person (either himself recovered, or a guardian)." See Gibson v. Pollock, 179 Mo.App. 188, 191, 166 S.W. 874, 875.

■ The complete answer to plaintiff's contention is contained in the excerpt from City of St. Louis v. Franklin Bank, supra [351 Mo. 688, 173 S.W.2d 846], quoted by plaintiff in his brief. It is there stated that the writ of coram nobis lies only for error of fact, but not for every fact that would make a judgment erroneous, and that "The facts must be such as affect the power and right of the court to render the particular judgment—facts which, if known, would have prevented its rendi-

tion. In a sense they must be directed against what would have been either a want *or abuse of jurisdiction*—at least, not mere error—if the facts had been known to the court". (Emphasis added.) Unquestionably if the trial court had known the facts of this case and that the only notice to defendant of the suit for wrongful death had been given while he was insane, that fact would have prevented the rendition of the judgment, at least until the court was satisfied that the defendant had received notice of the suit while sane, and for the trial court to have rendered a default judgment after knowing of the facts in this case would clearly have been an abuse of jurisdiction.

We have found no case exactly in point, and none has been cited to us. However, in Bank of Skidmore v. Ripley, Mo.App., 84 S.W.2d 185, 187, a default judgment was set aside upon application because the defendant was insane when served and when the default judgment was obtained. After disposing of certain objections to the procedure, the court said: "Passing a number of grounds alleged in the amended motion, we can justify the rightful issuance of the writ [of error coram nobis] upon at least one, which ground was, in form and effect, * * * the fact that said defendant John A. Ripley, *at the time of the service of summons upon him,* was under total disability by reason of illness in both mind and body, so much so that he was insane, * * *". (Emphasis added.) The court then went on to show that by reason of the insanity at the time of the service the defendant was prevented from presenting a defense. The fact that he was also insane at the time of the judgment was not relied on as a basis for setting aside the judgment. See also Gibson v. Pollock, 179 Mo.App. 188, 166 S.W. 874, where the court set aside a default judgment because the defendant was insane when personally served and at the time of the trial, and in doing so ruled adversely to the contention made in that case that since the court had jurisdiction to enter a judgment against an insane defendant for whom no guardian had been appointed and who had been personally served, the judgment was not subject to being set aside on a writ of error coram nobis.

Under the facts of this case, a motion in the nature of a writ of error coram nobis is properly allowable and justified the correction of the default judgment, which can only be done by setting it aside as prayed in the motion. Defendant's motion to dismiss the appeal because of failure to comply with 42 V.A.M.S. Supreme Court Rules, rules 1.08 and 1.09, while not entirely without merit, is overruled. The judgment of the trial court is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.