**William SNIDER, Plaintiff,**

v.

**Dennis CALLAHAN, Jr., Defendant.**

**Civ. A. No. 15364–3.**

United States District Court
W. D. Missouri, W. D.

Jan. 19, 1966.

Tucker, Murphy, Wilson, Lane & Kelly, by Paul Scott Kelly, Jr., Kansas City, Mo., for plaintiff.

Sheridan, Baty Markey, Sanders, Edwards & Carr, by John L. Sheridan, Kansas City, Mo., for defendant.

BECKER, Chief Judge.

In this case plaintiff seeks to avoid a finding of contributory negligence on the grounds stated in its reply "that the plaintiff suffers from a mental deficiency and is not capable of exercising the same degree of care as a normal adult person." The defendant moves to strike this portion of the reply stating in part as follows:

"* * * under that law of Missouri which governs the substantive rights of the parties herein, the plaintiff is required to exercise that degree of care for his own safety that an ordinarily careful and prudent person would use under the same or similar circumstances, and is not relieved from this duty by reason of insanity or other mental deficiency."

Further defendant seeks to implead the City of Kansas City for employing a mentally deficient person, if mental deficiency would excuse what would otherwise be contributory negligence on the part of the plaintiff. Both motions should be denied.

On the question of the effect of mental deficiency on alleged contributory negligence Missouri law governs. Under Missouri law mental deficiency may avoid what would otherwise be contributory negligence in a normal person.

Lynch v. Rosenthal (Mo.App., 1965) 396 S.W.2d 272.

It is true that this rule has been rejected by the American Law Institute. Restatement, Second, Torts § 464, Comment, supra, which states the standard law governs in this diversity case. Erie R. Co. v. Tomkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

Defendant relies upon Gibson v. Pollock (1914), 179 Mo.App. 188, 166 S.W. 874 and Section 283 B of the Restatement, supra, which states the standard applicable to defendants who have caused harm and injury to another. Gibson v. Pollock, supra, holds that an insane person is liable for his torts.

■ If this case were to be decided under rule of the Restatement, supra, rather than Missouri law, defendant's position might be well taken since the plaintiff is not a child and is not alleged to be insane. See Sec. 464 of the Restatement, supra. However, in Missouri and in many other courts there is a double standard of conduct with respect to negligence and contributory negligence. Ordinarily the standard of conduct applicable to one person injuring another by his acts or omissions is an objective standard. 2 Harper and James, The Law of Torts, §§ 16.2 and 16.8. But with respect to contributory negligence, in Missouri and in many other states a subjective standard is applied to children and persons suffering from a mental deficiency. Lynch v. Rosenthal, supra; Annotation 91 A.L.R.2d 392.

■ Under Missouri law defendant's motion to strike should be denied.

Defendant's motion to implead the City of Kansas City for alleged negligence in employing a mentally deficient person (contained in "defendant's suggestions in re preliminary draft of order overruling defendant's motion to strike") is untimely and will be denied without prejudice to any claim for indemnity which defendant may have. It is therefore

Ordered and adjudged that the defendant's motion to strike the plaintiff's reply be and it is hereby denied. It is further

Ordered and adjudged that the motion to implead the City of Kansas City be and it is hereby denied without prejudice to any claim for relief that defendant may have against the City of Kansas City.