Virginia H. BARNETT, Respondent,

v.

Maude SCHOLZ, Defendant-Appellant,

and

Donald E. Wegescheide and Odelia Wegescheide, his wife, Intervenors-Appellants.

No. 56826.

Supreme Court of Missouri, Division No. 2.

April 9, 1973.

Donald E. Wegescheide and Odelia, his wife, as intervenors, filed a petition in which they alleged that they were the owners of the land in question, and that John P. Pawlak and Jane F. Pawlak had "acquired title [to the land] by adverse possession" and had conveyed it to William C. Barnett who in turn conveyed it to intervenors. At the trial it was agreed that the first issue to be tried was that of adverse possession. After hearing the evidence offered by intervenors, the court ruled adversely to them on the issue of adverse possession and ordered partition. Intervenors now assert that the court erred in its ruling as to adverse possession. For that reason title to real estate is involved. The notice of appeal was filed prior to January 1, 1972, and appellate jurisdiction is in this court. Mo.Constitution Art. V, § 31.

Maude Scholz, the named defendant, defaulted and did not appear at trial in person or by counsel. However, a notice of appeal was filed by her and also by intervenors. Both are represented on appeal by the same counsel and a joint brief has been filed.

It is first contended that the trial court erred in overruling motions to dismiss the partition suit because Maude Scholz was not mentally competent, and therefore the court did not have jurisdiction over her person or the subject of the action.

After the entry of the judgment, Maude Scholz, in her individual capacity and not by or through a guardian or representative, filed a motion to dismiss on the basis that "sole and exclusive jurisdiction over [her] person" was in the probate court of St. Louis County. Her attorney filed an affidavit in support of the motion in which he stated that on May 20, 1964, the probate court had "found that defendant was mentally ill, and lacked sufficient capacity to make responsible decisions, and ordered her to be confined in Glenwood Sanitarium for an indeterminate period of time."

We note several matters. There is no challenge to the service on Maude Scholz.

---

Jenny, Cole & Eckelkamp, Union, Smith, Hanke & Batts, Robert H. Batts, St. Louis, for respondent.

William C. Barnett, St. Louis, for appellants.

STOCKARD, Commissioner.

On February 14, 1970, Virginia H. Barnett filed in the Circuit Court of Franklin County, a petition to partition certain land. The named defendant was Maude Scholz.

Neither she nor her attorney petitioned the court for the appointment of a guardian *ad litem*, and there is no evidence that she was under guardianship. There is no allegation in her motion to dismiss or in the affidavit of her attorney that she was insane but only that she was "mentally ill." There was no separate proof of any fact alleged in the motion or affidavit. The condition of Maude Scholz, whatever it was, was known to her attorney prior to trial but he presented the matter for the first time after judgment. Maude Scholz in her individual capacity, and not by or through a guardian, filed the notice of appeal, thereby acknowledging her capacity to participate in the litigation without a guardian. Finally, to complete the chain of title to them, intervenors rely on a deed by Maude Scholz, dated June 5, 1969, which was after her alleged incompetency.

 The motion did not constitute proof of the matters alleged therein, and assuming some degree of proof by reason of the affidavit, it did not establish incompetency but at most an illness. Also, a judgment rendered against an insane person when there is proper personal service is not void. Norman v. Young, 301 S.W.2d 820, 823 (Mo.1957). Appellant is not entitled to a dismissal of the suit in partition, the only relief requested, based on the contention that the court lacked jurisdiction for the asserted reasons.

Intervenors next contend that the court erred "in that it refused to hear brief evidence offered by intervenors," and "it rendered judgment for plaintiff, as part of intervenors' case, without hearing any testimony by plaintiff."

The immediate answer is that the court did not "refuse" to hear any properly offered evidence. At the start of the trial it was agreed that intervenors should proceed first on the issue of adverse possession. The first witness was Donald Wegescheide, one of the intervenors, who testified that on June 13, 1969, he either attempted or did purchase "the property involved in this lawsuit," but he did not say from whom.

Some exhibits were marked but not then offered in evidence. Counsel for appellants was sworn as a witness. He testified that he and plaintiff were formerly married and that they owned the land as tenants by the entirety; that he and his wife were divorced on October 28, 1966; and that on November 1, 1966, he executed a quitclaim deed to Maude Scholz. That deed, Exhibit 1, was one of the exhibits previously identified, and it purported to convey all the property and not just an undivided one-half interest. Exhibit 2, identified as a warranty deed from William C. Barnett to intervenors, dated August 21, 1969, was offered in evidence. It also purported to convey all the property. Plaintiff's objection that it was "out of the chain of title" was sustained. The witness then made this statement: "There is at this time, and has been for many years, the date going back to the spring of 1946, a usage of a part of the property involved—." An objection was interposed "until he can show how he knows of this usage," and that objection was sustained. The witness did not then offer to give any further testimony. There was no other evidence offered pertaining to the issue of adverse possession, and there was no offer of proof. The court "directed a verdict," although this was a court tried case, on the issue of adverse possession, and proceeded to trial on the petition for partition.

In the argument in their brief, intervenors make reference to a deed "from Pawlak to Pawlak, evidencing adverse possession." We do not know if this deed was one of the exhibits marked for identification, but in any event it was never offered in evidence. Also, we do not know how a deed could "evidence" adverse possession, and no explanation appears.

 There is a total lack of evidence of adverse possession. There was no properly offered evidence pertaining to that issue, and there was no offer of proof. In these circumstances, intervenors cannot complain on appeal that the court "refused" to hear evidence.

Intervenors next assert prejudicial error resulted because the court refused to admit into evidence at their request a general warranty deed identified as Exhibit 2. The only reason assigned is that it "carried with it after-acquired title." This deed, dated August 21, 1969, was executed by William C. Barnett, the divorced husband of plaintiff, and purported to convey all the title to intervenors. At the time this deed was offered Exhibit 1 had been received in evidence. By it on November 1, 1966, Mr. Barnett had conveyed to Maude Scholz all his interest in the land, and there was nothing before the court to indicate that Mr. Barnett had any title to convey by Exhibit 2. It is true that in plaintiff's case on the issue of partition, plaintiff offered Exhibit 2 and it was admitted in evidence after plaintiff had offered Exhibit 4 which was a deed dated June 5, 1969, from Maude Scholz, and others, to William C. Barnett purporting to convey all the property. However, when intervenors offered Exhibit 2, the objection thereto was properly sustained. There was no offer of proof, and no offer of proof by intervenors pertaining to the deed later received as Exhibit 4.

In the absence of any proof of adverse possession by someone in the chain of title, Exhibit 2 would have established no more than that the undivided one-half interest previously owned by Mr. Barnett was at the time of trial in intervenors. In the partition suit the trial court so found, and ordered partition as between plaintiff and intervenors. Any claim intervenors had to all of the property was based on adverse possession, presumably by someone prior to them in the chain of title, although there was no proof as to who it was. There was a total lack of proof of any adverse possession, and therefore Exhibit 2 was not material to any such claim. Intervenors cannot now complain that it was not received in evidence at the time it was offered by them.

Appellants' last point is that the court erred "in attempting to fix the rights of the parties and order a sale of the real estate under an 'interlocutory decree.'" No mention was made of this in the motion for new trial. Rule 96.16, V.A.M.R., provides that the court shall "declare the rights, titles, and interests of the parties to such proceedings * * * and give judgment that partition be made between such of them as shall have any right therein accordingly." The transcript shows that the caption of the judgment entered was entitled "Interlocutory Judgment in Partition." Assuming the use of the word "Interlocutory" was incorrect, it is immaterial that the wrong caption was used. It is the substance that is important, and there is no challenge to the substance of the judgment.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.