# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1403

_____

Barbara C. Ragle,                               *
                                                *
            Appellant,                          *
                                                *    Appeal from the United States
      v.                                        *    District Court for the
                                                *    Eastern District of Missouri.
Beverly Enterprises, Inc.,                      *
                                                *          [UNPUBLISHED]
            Appellee.                           *

_____

Submitted:  September 16, 1999

Filed:  November 5, 1999

_____

Before RICHARD S. ARNOLD, FLOYD R. GIBSON, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Barbara C. Ragle brought this action for wrongful death under diversity jurisdiction, 28 U.S.C. § 1332 (1994), after her father, Homer Cone, exited his residential nursing facility unattended and suffered fatal hypothermia. The jury returned a verdict for $100.00, but assessed 99% comparative fault against Mr. Cone. The district court[1] entered judgment on the jury verdict against the nursing facility,

_____

[1] The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

Beverly Enterprises, Inc., in the amount of $1.00 and subsequently denied Ragle's motion for a new trial.  Ragle appeals, and we affirm.

For reversal, Ragle contends, inter alia, that the trial judge erred in refusing to order a new trial on the issue of damages.  While her primary argument is that the damages awarded were so grossly inadequate that a new trial should be ordered, she also alleges error in the judge's charge to the jury regarding comparative fault.

"We apply a deferential standard when reviewing a district court's jury instructions, reversing only for an abuse of discretion."  See Thomlison v. City of Omaha, 63 F.3d 786, 790-91 (8th Cir. 1995).  A comparative fault instruction is proper where there is an evidentiary basis establishing that some degree of causation flowed from the plaintiff's own negligent acts.  See Scheerer v. Hardee's Food Systems, Inc., 92 F.3d 702, 710 (8th Cir. 1996).  Such an evidentiary basis existed in the case before us.  The jury heard evidence that, with the assistance of his wife and roommate, Ethel Cone, Mr. Cone deliberately removed a security bracelet designed to alert the nursing staff of any attempt to exit the facility through its front door.

Ragle asserts however, that Mr. Cone suffered from dementia.  She argues that a plaintiff afflicted with mental infirmity cannot, as a matter of law, be assessed comparative fault.  Therefore, Ragle claims that, notwithstanding the existence of a valid evidentiary basis, the submission of a comparative fault instruction was improper.

Missouri law governs our inquiry into the effect of mental deficiency on comparative fault.  "Under Missouri law mental deficiency may avoid what would otherwise be contributory negligence in a normal person."  Snider v. Callahan, 250 F. Supp. 1022 (W.D. Mo. 1966).  Plaintiff appears to construe this statement as a categorical prohibition against an instruction on comparative fault where evidence of mental deficiency has been presented.   We disagree.

We agree with Ragle that mental deficiency is properly taken into account in determining the existence or level of comparative fault. However, we regard this consideration as one falling squarely within the province of the jury. The traditional objective standard of care in cases of primary negligence mandates that "[u]nless the actor is a child, his insanity or other mental deficiency does not relieve the actor from liability for conduct which does not conform to the standard of a reasonable man under like circumstances." Restatement (Second) of Torts § 283B (1965). A number of states, including Missouri, have departed from this strict stance in favor of a more compassionate, subjective regime, wherein mental incapacity may mitigate fault. See Snider, 250 F. Supp. at 1022; Lynch v. Rosenthal, 396 S.W.2d 272, 278 (Mo. App. 1965)(holding that the question of contributory negligence of mentally handicapped plaintiff was one for the jury).

We reject Ragle's averment that the intention of this departure was to create a categorical rule precluding instruction on comparative fault in the presence of evidence suggesting subnormal mental capacity. Mental infirmities exist in infinite degrees and with infinite levels and varieties of behavioral impairment. As such, the significance of mental infirmity to a person's particular behavior or action is an inherently subjective assessment, properly committed to the discretion of the jury. Therefore, we hold that the submission of the comparative fault instruction was proper in this case.

Ragle next argues that the verdict amount upheld by the district court was manifestly unjust and warrants reversal. We disagree. Absent a showing of abuse of discretion, we will not disturb a district court's order denying a new trial on the issue of damages. See Johnson v. Cowell Steel Structures, Inc., 991 F.2d 474, 476 (8th Cir. 1993). We defer to the law of the forum state when determining the adequacy of a jury's verdict. See Vanskike v. Union Pacific R. Co., 725 F.2d 1146, 1150 (8th Cir. 1984). In Missouri, a new trial is warranted only where the jury's verdict so defies the weight of the evidence as to be "shockingly inadequate." Johnson, 991 F.2d at 477

(citing <u>Havel v. Diebler</u>, 836 S.W.2d 501, 504 (Mo. Ct. App. 1992); <u>Gardner v. Reynolds</u>, 775 S.W.2d 173, 175 (Mo. Ct. App. 1989)).

Ragle fails to establish that the jury's damage award was against the weight of the evidence. The jury awarded damages of $100.00, reduced by Mr. Cone's comparative fault. Ragle urges that the record predicates a much larger award for the pain and suffering attendant to Mr. Cone's death. For support, Ragle directs the court to the official death certificate and testimony of the officer responding to the emergency call on the morning of Mr. Cone's death.[2] Our review of this evidence, indeed the record as a whole, yields no fact sufficient to meet Ragle's burden on this claim. We conclude that the district court did not abuse its discretion in denying Ragle's motion for a new trial.

Ragle raises numerous additional claims challenging certain of the district court's rulings during the pendency of the trial. We have carefully considered each of these claims, and conclude that they are without merit. <u>See</u> 8th Cir. R. 47B. Accordingly, we affirm the decision of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2] The official death certificate simply states that Mr. Cone "wandered out of nursing home in cold weather" and lists "hypothermia" as the immediate cause of death. <u>See</u> Appellant's Ex. App. at 28. Similarly, the trial testimony of the responding officer recites a general description of the weather that day and chronology of events following Mr.Cone's discovery. <u>See</u> Appellee's Br. at 34.